1    GARY D. FRIEDMAN (*Admitted Pro Hac Vice*)
     gary.friedman@weil.com
2    DANIEL J. VENDITTI (*Admitted Pro Hac Vice*)
     daniel.venditti@weil.com
3    WEIL, GOTSHAL & MANGES, LLP
     767 Fifth Avenue
4    New York, NY 10153
     Telephone: +1 212 310 8000
5    Facsimile: +1 212 310 8007

6    KEVIN E. GAUT (SBN 117352), keg@msk.com
     VALENTINE A. SHALAMITSKI (SBN 236061)
7    vas@msk.com
     MITCHELL SILBERBERG & KNUPP LLP
8    11377 West Olympic Boulevard
     Los Angeles, CA  90064-1683
9    Telephone:  (310) 312-2000
     Facsimile:  (310) 312-3100
10

11   Attorneys for Defendant
     TUESDAY MORNING, INC.
12
                    UNITED STATES DISTRICT COURT
13
                   CENTRAL DISTRICT OF CALIFORNIA
14
                          WESTERN DIVISION
15

16   BRIANA CHRISTIE, on behalf of herself, all      Case No. 2:14-cv-06505-PSG-AGR
     others similarly situated, and the general
     public,                                         Judge:  Hon. Philip S. Gutierrez
17

18                            Plaintiff,             **NOTICE OF MOTION AND
                                                     MOTION TO DISMISS
                      vs.                            PLAINTIFF'S FIRST
19                                                   AMENDED COMPLAINT
                                                     PURSUANT TO F.R.C.P.
20   TUESDAY MORNING, INC., a Texas                  12(b)(6)**
     corporation; and DOES 1-50, inclusive,
21                            Defendants.            Date:        March 2, 2015
22                                                   Time:        1:30 p.m.
                                                     Location:    880 - Roybal
23

24                                                   [Declaration of Gary D. Friedman,
                                                     Request for Judicial Notice, and
25                                                   (Proposed) Order Filed
                                                     Concurrently]
26

27

28

     [NOTICE OF MOTION AND MOTION TO DISMISS
     MEMORANDUM IN SUPPORT]

1       PLEASE TAKE NOTICE THAT,

2       On March 2, 2015, at 1:30 p.m., or as soon thereafter as the matter may be

3 heard by the above-referenced Court, Defendant Tuesday Morning, Inc. ("Tuesday

4 Morning") will and hereby does move for an Order, pursuant to Rules 8(a)(2) and

5 12(b)(6) of the Federal Rules of Civil Procedure, dismissing with prejudice and

6 without leave to amend, all causes of action in Plaintiff Briana Christie's First

7 Amended Complaint in this action.

8       This motion is made on the following grounds:

9       1.    Plaintiff's first cause of action for failure to provide wages without

10 discount fails to state a claim upon which relief can be granted because there is no

11 private right of action under California Labor Code Section 212.

12      2.    Plaintiff's first cause of action for failure to provide wages without

13 discount also fails to state a claim upon which relief can be granted because Plaintiff

14 has not pled any facts constituting a violation of Labor Code Section 212 and

15 generally has not satisfied the threshold pleading standards set forth by the U.S.

16 Supreme Court and a recent Ninth Circuit decision.

17      3.    Plaintiff's second cause of action for failure to provide meal periods fails

18 to state a claim upon which relief can be granted because Plaintiff alleges no facts

19 whatsoever supporting her meal period claim.

20      4.    Plaintiff's third cause of action for failure to provide rest periods fails to

21 state a claim upon which relief can be granted because Plaintiff alleges no facts

22 whatsoever supporting her rest period claim.

23      5.    Plaintiff's fourth cause of action for failure to pay hourly wages fails to

24 state a claim upon which relief can be granted because Plaintiff alleges no facts

25 whatsoever supporting her claim for failure to pay hourly wages.

26      6.    Plaintiff's second, third, and fourth causes of action for failure to provide

27 meal periods, failure to provide rest periods, and failure to pay hourly wages,

28

respectively, also fail to state a claim upon which relief can be granted because Plaintiff alleges no facts whatsoever supporting her claim that she was misclassified as exempt.

7.     Plaintiff's fifth, sixth, seventh, and eighth causes of action for failure to provide accurate written wage statements, failure to timely pay all final wages, unfair competition, and for civil penalties under the Private Attorneys General Act of 2004 ("PAGA"), respectively, fail to state a claim upon which relief can be granted because these causes of action are derivative of, and depend on, Plaintiff's non-viable first through fourth causes of action and, hence, must be dismissed as well.

8.     To the extent Plaintiff's fifth, sixth, seventh, and eighth causes of action for failure to provide accurate written wage statements, failure to timely pay all final wages, unfair competition, and for civil penalties under PAGA, respectively, are not derivative, they also fail to state a claim upon which relief can be granted because Plaintiff alleges no facts whatsoever supporting these causes of action.

This Motion is based on this Notice, the accompanying Memorandum of Points and Authorities in support thereof, the Declaration of Gary D. Friedman and Request for Judicial Notice filed concurrently herewith, the records and pleadings on file herein, and any other evidence or argument as may be presented.  This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place by letter dated December 4, 2014 and by telephone on December 15, 2014.


Dated:  December 22, 2014                Respectfully submitted,

                                         WEIL, GOTSHAL & MANGES LLP


                                         By:  /s/Gary D. Friendman
                                              Gary D. Friedman
                                              Attorneys for Defendant
                                              TUESDAY MORNING, INC.

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ...................................................................................................1

II.   BACKGROUND ...................................................................................................2

    A.    Plaintiff's Allegations in the FAC ...........................................................3

    B.    Procedural History ....................................................................................4

III.  ARGUMENT .......................................................................................................6

    A.    There is No Private Right of Action Under Labor Code § 212 .................6

    B.    Plaintiff's "Pay Card" Claim Also Must Be Dismissed Because Plaintiff Has Not Pled Any Facts Constituting A Violation of § 212 ......................9

    C.    Plaintiff's Derivative Class-Based Causes of Action in Counts V-VII Must Be Dismissed Due to Plaintiff's Defective Pay Card Claim ..............13

    D.    The Court Must Also Dismiss Plaintiff's Individual Causes of Action for Missed Meal and Rest Breaks, and Unpaid Wages .................................15

        1.    Plaintiff Alleges No Facts Whatsoever Supporting her Misclassification Claim ...................................................................15

        2.    Plaintiff Does Not Allege Any Facts Supporting Her Meal Break and Rest Break Claims, or Her Claim For Unpaid Wages and Overtime Claim ...............................................................................16

        3.    The Court Should Dismiss Plaintiff's Individual Derivative Causes of Action Insofar As they Rely on Her Untenable Individual Causes of Action ...............................................................................20

    E.    Plaintiff's PAGA Claim in Count VIII Fails as a Matter of Law ..............21

IV.   CONCLUSION ....................................................................................................21

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anderson v. Blockbuster Inc.*,
  2010 WL 1797249 (E.D. Cal. May 4, 2004) ........................................................17

*Animal Legal Defense Fund v. Mendes*,
  160 Cal. App. 4th 136 (2008) .................................................................................7

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)..................................................................................2, 10, 12

*Bell Atlantic v. Twombly*,
  550 U.S. 544 (2007)..................................................................................2, 10, 12

*Bellinghausen v. Tractor Supply Co.*,
  2013 WL 5090869 (N.D. Cal. Sept. 13, 2013) .............................................13, 17

*Bellinghausen v. Tractor Supply Co.*,
  2013 WL 6057847 (N.D. Cal. Nov. 15, 2013) .........................................17, 18, 19

*Birdsong v. AT&T Corp.*,
  2013 WL 1120783 (N.D. Cal. 2013) .....................................................................16

*Brinker v. Superior Court*,
  53 Cal. 4th 1004 (2012) ...............................................................................17, 19

*Brown v. Wal-Mart Stores, Inc.*,
  2013 WL 1701581 (N.D. Cal. Apr. 18, 2013) .................................14, 17, 18, 19

*Bureerong v. Uvawas*,
  922 F. Supp. 1450 (C.D. Cal. 1996) (Collins, J.) .............................................7, 8

*DeJesus v. HF Mgmt. Servs., LLC*,
  726 F.3d 85, 90 (2d Cir. 2013)..............................................................................12

*DeLeon v. Time Warner Cable*,
  2009 WL 9426145 (C.D. Cal. Jul. 17, 2009) (Guilford, J.).................................17

*Elliot v. Spherion Pacific Work*,
  LLC, 572 F. Supp. 2d 1169 (C.D. Cal. 2008).....................................................21

*Gunawan v. Howroyd-Wright Employment Agency*,
  997 F. Supp. 2d 1058 (C.D. Cal. 2014) (Carney, J.)........................................7, 8

*Gutierrez v. Aaron's Inc.*,
   2010 WL 4968142 (E.D. Cal. Dec. 1, 2010) ...................................................13, 17

*Hadjavi v. CVS Pharm., Inc.*,
   2010 WL 7695383 ...................................................................................................14

*Harding v. Time Warner*,
   2009 WL 2575898 (S.D. Cal. Aug. 18, 2009) ........................................................17

*Harding v. Time Warner*,
   2010 WL 457690 (S.D. Cal. Jan. 26, 2010)............................................................17

*Harris v. Vector Mktg. Corp.*,
   2010 WL 2077015 (N.D. Cal. May 20, 2010) ...........................................................9

*Holak v. Kmart Corp.*,
   2012 WL 6202298 (E.D. Cal. Dec. 12, 2012) ...........................................10, 11, 12

*Johnson v. Hewlett-Packard Co.*,
   809 F. Supp. 2d 1114 (N.D. Cal. 2011) .....................................................................8

*Kamath v. Robert Bosch LLC*,
   2014 WL 2916570 (C.D. Cal. June 26, 2014) (Snyder, J.)...................................9, 13

*Landers v. Quality Comm'ns, Inc.*,
   771 F.3d 638 (9th Cir. Nov. 12, 2014)............................................................ *passim*

*Lefevre v. Pac. Bell Directory*,
   2014 WL 5810530 (N.D. Cal. Nov. 7, 2014) ..........................................................13

*Lopez v. Wendy's Int'l, Inc.*,
   2011 WL 6967932 (C.D. Cal. Sept. 19, 2011) (Morrow, J.) ...................................17

*Lu v. Hawaiian Gardens Casino, Inc.*,
   50 Cal. 4th 592 (2010) ......................................................................................7, 8, 9

*Matoff v. Brinker Rest. Corp.*,
   439 F. Supp. 2d 1035 (C.D. Cal. 2006) (King, J.) .....................................................7

*Moradi-Shalal v. Fireman's Fund Ins. Cos.*,
   46 Cal.3d 287 (1988) .................................................................................................7

*Mouchati v. Bonnie Plants, Inc.*,
   2014 WL 1661245 (C.D. Cal. Mar. 6, 2014) (Phillips, J.) .........................................9

*Murphy v. Kenneth Cole Prods., Inc.*,
   40 Cal. 4th 1094 (2007) ...........................................................................................14

*Price v. Starbucks Corp.*,
    192 Cal. App. 4th 1136 (Cal. Ct. App. 2011) .................................................14, 21

*Rubin v. Wal-Mart Stores, Inc.*,
    599 F. Supp. 2d 1176 (N.D. Cal. 2009) .......................................................13, 14

*Ruiz v. The Paladin Group, Inc.*,
    2003 WL 22992077 (C.D. Cal. Sept. 29, 2003) (King, J.) ...............................8

*Sanchez v. Aerogroup Retail Holdings, Inc.*,
    2013 WL 1942166 (N.D. Cal. May 8, 2013) .......................................................14

*Schneider v. Space Systems/Loral, Inc.*,
    2011 WL 4344232 (N.D. Cal. 2011) .......................................................16

*Schneider v. Space Systems/Loral, Inc.*,
    2012 WL 476495 (N.D. Cal. Feb. 14, 2012) .................................................17, 18

*Weigele v. FedEx Ground Package Sys.*,
    2010 WL 4723673, at **11-12 (S.D. Cal. Nov. 15, 2010).........................17, 18, 19

*White v. Starbucks Corp.*,
    497 F. Supp. 2d 1080 (N.D. Cal. 2007) .......................................................13

**Statutes**

Cal. Bus. & Profs Code § 17200 .......................................................13

Cal. Lab. Code § 201 .................................................13, 14

Cal. Lab. Code § 202 .................................................13, 14

Cal. Lab. Code § 203 .................................................13, 14

Cal. Lab. Code § 204 .......................................................8

Cal. Lab. Code § 212 ................................................. *passim*

Cal. Lab. Code § 221 .......................................................9

Cal. Lab. Code § 226(a) .......................................................13

Cal. Lab. Code § 226(e) .......................................................14

Cal. Lab. Code § 351 .......................................................8

Cal. Lab. Code § 450 .......................................................9

Cal. Lab. Code § 512 .................................................17, 18

Cal. Lab. Code § 558 ........................................................................................8

Cal. Lab. Code § 2651 ......................................................................................8

Cal. Lab. Code § 2698 et seq ...................................................................... *passim*

28 U.S.C. §§ 1332(d) .......................................................................................5

**Other Authorities**

DLSE Opinion Letter 2008.07.07 .....................................................................10

DLSE Opinion Letter 2008.07.07.2 .............................................................10, 11

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

[NOTICE OF MOTION AND MOTION TO DISMISS
MEMORANDUM IN SUPPORT]                    iv

## MEMORANDUM AND POINTS OF AUTHORITIES

## I.   INTRODUCTION

After more than five months and three attempted pleadings, Plaintiff has still failed to plead a viable claim that warrants permitting this case to proceed.  In her original Complaint, Plaintiff first tried to plead a variety of putative class claims, involving allegations of missed meal and rest breaks and unpaid overtime.  Plaintiff's second crack at pleading jettisoned virtually all the class claims, except for a payroll card class, three derivative class claims, and a claim under the Private Attorneys General Act of 2004 ("PAGA").  On her third and most recent attempt, Plaintiff has now boiled her case down to essentially a single class claim for a purported Labor Code Section 212 violation, with three derivative class-based claims, and a PAGA claim.  She has also resurrected her meal break, rest break and unpaid wages and overtime claims, but <u>only</u> on an individual basis.  Plaintiff's third time at pleading has not proved to be "the charm," and the entire action must be dismissed with prejudice.

Plaintiff's class claims in her most current pleading, the First Amended Complaint ("FAC"), hinge entirely on the viability of her first cause of action, which alleges that Defendant Tuesday Morning, Inc. ("Tuesday Morning") failed to pay Plaintiff and the putative class members their wages "without discount," in violation of California Labor Code Section 212, by allowing employees to elect to access their wages using a payroll debit card.  Plaintiff purports to support her first cause of action with literally <u>one</u> substantive (albeit conclusory) allegation:  that Tuesday Morning paid her wages and vacation pay on a payroll debit card, and that she incurred fees when she tried to use or "cash" the payroll debit card at California establishments.  However, the law is clear that *there is no private right of action* under Section 212 of the Labor Code.  Nothing in the statute provides an express right of action, and as recently as January 2014, this Court held decisively that there is no implied right of action under Section 212.  Because there is no private right of action under Section

212, Plaintiff cannot proceed with her class claim, which the Court should dismiss *with prejudice*.   So too must the Court dismiss with prejudice Plaintiff's three derivative class claims, and her PAGA claim, as they cannot survive without their parent Section 212 claim.

Plaintiff's class claims are also fatally deficient under the Ninth Circuit's very recent decision in *Landers v. Quality Comm'ns, Inc.*, 771 F.3d 638 (9th Cir. Nov. 12, 2014), where that Court articulated—specifically in the wage and hour context—a more rigorous pleading standard using the U.S. Supreme Court's guidance in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The *Landers* Court held that it is no longer acceptable for a wage and hour plaintiff merely to "throw a rock through the window," as Plaintiff has done here, and then argue that she has stated a claim.   Thus, even if Plaintiff's lone allegation that she incurred fees when using her pay card were sufficient to plead a violation of Labor Code Section 212 – which, on its face, it is not – Plaintiff's claim would still fail because the threadbare facts stated in the FAC regarding Plaintiff's alleged incurrence of fees fall far short of providing the necessary detail to survive a Rule 12(b)(6) motion to dismiss under the pleading standard articulated in *Landers*.   Plaintiff's class claim in her first cause of action and her derivative class claims, as well as her individual claims for missed meal and rest breaks, and unpaid wage and overtime, must also be dismissed for the same reason.

## II.   BACKGROUND

Tuesday Morning, like thousands of other companies over the past decade, has adopted payroll systems designed specifically to provide its employees with alternatives to traditional direct deposit bank accounts in order to make funds more accessible to its workforce.   These payroll systems often incorporate the use of a "payroll debit" card, a feature which has specifically been approved and encouraged by California's Division of Labor Standards Enforcement ("DLSE") and the courts.

Payroll debit cards permit employees to access any part of their wages using several convenient methods. Among other benefits to employees, payroll debit cards reduce or eliminate check cashing fees, reduce the need to carry large amounts of cash, offer the ability to make purchases using credit card networks, and offer 24-hour access to funds via ATMs.

## A.    Plaintiff's Allegations in the FAC

Plaintiff, at all relevant times, was an exempt Store Manager at Tuesday Morning. FAC ¶¶ 5, 6. Plaintiff alleges that "[a]t times during her employment, [Tuesday Morning] paid Plaintiff her wages on a 'pay card,' or pre-loaded debit card and gave her the vacation pay on it," and that she purportedly "incurred fees" when attempting to "use" or "cash" the pay card at various businesses in California. FAC ¶ 7.[1] Plaintiff makes no other factual allegations about her employment with Tuesday Morning.

On the basis of that single allegation, Plaintiff seeks to represent four groups of Tuesday Morning's current and former California employees: (1) a "Pay Card Class," comprised of "[a]ll persons employed by [Tuesday Morning] in California who, during the Relevant Time Period, were paid their wages with a pay card"; (2) a "Wage Statement Penalties Class," comprised of "All Pay Card Class members employed by [Tuesday Morning] in California during the period beginning one year before the filing of this action and ending when final judgment is entered"; (3) a "Waiting Time Penalties Class," comprised of "All Pay Card Class members who separated from their employment with [Tuesday Morning] during the period beginning three years before the filing of this action and ending when final judgment is entered"; and (4) a

---

[1] As with Plaintiff's original Complaint, the FAC contains numerous errors in the paragraph numbering, where, for example, the FAC repeats paragraph numbers six through eight. *See* FAC p. 2. The FAC ¶ 7 cited above refers to the <u>second</u> paragraph denoted in the FAC as ¶ 7.

1    "UCL Class," comprised of "All Pay Card Class members employed by [Tuesday

2    Morning] in California during the Relevant Time Period."  FAC ¶ 12.

3        Plaintiff also claims, without any supporting factual allegations, that she, *and*

4    *she alone*, was not provided appropriate meal and rest breaks under California law

5    (FAC ¶¶ 9, 30-33, 42-44), nor paid "all earned wages every pay period at the correct

6    rates, including overtime rates, because [Tuesday Morning] misclassified Plaintiff as a

7    non-exempt [sic] employee and did not pay Plaintiff irrespective of the hours

8    worked."  FAC ¶ 61.  Conspicuously absent from the FAC are any factual allegations

9    that would demonstrate, for example, that Tuesday Morning impeded or discouraged

10   her from taking meal breaks, or pressured her to perform duties in a way that omits

11   meals.  Nor does the FAC allege any facts demonstrating that Tuesday Morning did

12   not "authorize and permit" Plaintiff to take rest breaks, or interfered with her right to

13   take them.  Nor does the FAC allege any facts sufficient to identify *at least one* work

14   week in which she worked but was not paid all of her hourly wages, or that she

15   worked more than 40 hours in a week or more than eight (8) hours in a day, and was

16   not paid for the excess work time.

17       Plaintiff also alleges that the foregoing alleged Labor Code violations entitle her

18   to civil penalties under PAGA.

19       **B.    Procedural History**

20       On July 14, 2014, Plaintiff filed this putative class action against Tuesday

21   Morning in the Superior Court of the State of California, County of Los Angeles.  The

22   original Complaint was served on Tuesday Morning on July 21, 2014, and asserted

23   class claims for failure to pay wages without discount in violation of Labor Code

24   Section 212, failure to provide meal and rest breaks, failure to pay overtime, and

25   derivative claims for failure to provide accurate written wage statements, failure to

26   timely pay all final wages, and unfair competition.  On August 19, 2014, Tuesday

27

28
     [NOTICE OF MOTION AND MOTION TO DISMISS
     MEMORANDUM IN SUPPORT]                           4

1   Morning timely removed the action to this Court, pursuant to the Class Action

2   Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d).

3       After apparently recognizing that he had drafted the original Complaint as if it

4   were on behalf of an hourly, non-exempt employee rather than a salaried, exempt

5   Store Manager, Plaintiff's counsel rushed to file an amended pleading in state court,

6   dropping the meal break, rest break, and unpaid wages and overtime causes of action

7   from the original Complaint.   Thus, on August 20, 2014, one day after Tuesday

8   Morning's removal, Plaintiff filed a *second* complaint in California Superior Court

9   which left nothing but the payroll debit card claim and derivative causes of action for

10  waiting time penalties, wage statement violations, unfair competition, and for civil

11  penalties under PAGA.[2]   In that second pleading, Plaintiff dropped her putative class

12  and individual meal and rest break and overtime claims, presumably because Plaintiff,

13  as an exempt Store Manager, lacked any such claims in her own right and would have

14  been an inadequate class representative for those putative class claims.   This second

15  pleading, attached as Exhibit 1 to the Request for Judicial Notice in Support of

16  Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (the "RJN"),

17  made no mention that Plaintiff believed she had been misclassified.[3]

18      Subsequent to the filing of the second Complaint, Plaintiff's counsel, after

19  many weeks had elapsed and the Court had issued an Order on November 10, 2014

20  prompting Plaintiff's counsel to act, filed the FAC, which is now the operative

21  pleading in the case.   The only substantive class claim remaining is Plaintiff's Section

---

22  [2] It is inexplicable that Plaintiff's counsel would have made this error because

23  Plaintiff's counsel, who has represented Plaintiff since shortly after the date of her

24  termination of employment from Tuesday Morning in July 2013, requested and

    received from Tuesday Morning in August 2013, Plaintiff's entire personnel file and

25  payroll records evidencing her status as a salaried and exempt Store Manager.

26  [3] Plaintiff's counsel, in discussions with Tuesday Morning's counsel, has conceded

27  that the August 20, 2014 filing was ineffective because Tuesday Morning had already

    removed the action to this Court.

28
    [NOTICE OF MOTION AND MOTION TO DISMISS
    MEMORANDUM IN SUPPORT]            5

1   212 payroll debit card claim.  Plaintiff also asserts three derivative causes of action

2   and, as noted above, has converted her meal, rest and unpaid wages and overtime

3   claims into individual claims.  Plaintiff has now had <u>three</u> opportunities to plead her

4   claims.  Despite those multiple attempts, Plaintiff has failed to plead any viable claims

5   that would permit this case to proceed.

6        Prior to Tuesday Morning filing the instant motion, the parties engaged in an

7   extensive meet and confer process concerning the inadequacy and non-viability of

8   Plaintiff's claims in the FAC, which included a detailed letter from Tuesday

9   Morning's counsel and a follow-up discussion between counsel on the same topics.

10  *See* Declaration of Gary D. Friedman in Support of Motion to Dismiss Plaintiff's First

11  Amended Complaint (the "Friedman Decl."), ¶ 2 and Ex. A.  Throughout those

12  discussions, Plaintiff's counsel has maintained that Plaintiff's causes of action are

13  both viable and adequately pled.

14  **III.   ARGUMENT**

15       It is clear from the face of Labor Code Section 212 and from recent

16  jurisprudence, including a decision of this Court earlier this year, that there is simply

17  <u>no private right of action</u> under that Labor Code provision.  The <u>only</u> remedies for

18  violations of Labor Code Section 212 are criminal sanctions or through a DLSE

19  enforcement action.  Moreover, as a pure pleadings matter, the FAC simply does not

20  allege any facts to support a Section 212 claim, and the Ninth Circuit's decision last

21  month in *Landers v. Quality Communications, Inc.* leaves no doubt that the Section

22  212 claim, as well as the rest of the claims in the FAC, must be dismissed.

23       **A.    There is No Private Right of Action Under Labor Code § 212**

24       This Court must dismiss Plaintiff's first cause of action *with prejudice* because

25  there is clearly no private right of action under Section 212 of the Labor Code.  A

26  right to pursue a private action to remedy an alleged violation of a statute exists *only* if

27  the statute in "clear, understandable, unmistakable terms" shows the intent to create

28

[NOTICE OF MOTION AND MOTION TO DISMISS
MEMORANDUM IN SUPPORT]                        6

1    such a right.  *Moradi-Shalal v. Fireman's Fund Ins. Cos.*, 46 Cal.3d 287, 295 (1988).

2    For example, in such circumstances, the law would "expressly state that a person has

3    or is liable for a cause of action for a particular violation." *Lu v. Hawaiian Gardens*

4    *Casino, Inc.*, 50 Cal. 4th 592, 597 (2010).  Similarly, a statute would also "refer to a

5    remedy or means of enforcing its substantive provisions, i.e., by way of an action."

6    *Id.*  There are clearly no such expressions from the legislature in Section 212.  If the

7    legislature "expressed no intent on the matter either way, directly or impliedly, there is

8    no private right of action[.]"  *Animal Legal Defense Fund v. Mendes*, 160 Cal. App.

9    4th 136, 142 (2008).   Moreover, where a statute provides an administrative

10   enforcement mechanism for violations of the statute and no express private right of

11   action, courts infer that the administrative mechanism is meant to be exclusive.  *See,*

12   *e.g.*, *Matoff v. Brinker Rest. Corp.*, 439 F. Supp. 2d 1035, 1037 (C.D. Cal. 2006)

13   (King, J.); *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1475 (C.D. Cal. 1996) (Collins,

14   J.).

15        Applying these well-settled principles, this very Court recently held that Labor

16   Code Section 212 does <u>not</u> provide for any private right of action.  *See Gunawan v.*

17   *Howroyd-Wright Employment Agency*, 997 F. Supp. 2d 1058, 1068 (C.D. Cal. 2014)

18   (Carney, J.).   In *Gunawan*, the plaintiff was paid her final wages in the form of a

19   payroll debit card.  This Court engaged in a detailed analysis of Section 212's text and

20   purpose, and determined that this section clearly does not evince any express intent of

21   the California legislature to create a private right of action.  *Id.*  Specifically, the Court

22   concluded that the "adoption of a regulatory statute does not automatically create a

23   private right to sue for damages resulting from violations of the statute.  Such a private

24   right of action exists only if the language of the statute or its legislative history clearly

25   indicates the Legislature intended to create such a right to sue for damages."  *Id.*

26   (citation and internal quotation marks omitted).  Regarding Section 212, in particular,

27   the *Gunawan* Court held that "the statutory scheme is designed to make violations of

28

[NOTICE OF MOTION AND MOTION TO DISMISS
MEMORANDUM IN SUPPORT]                                  7

1    section 212 a crime . . . or a civil violation with a penalty recoverable by the Labor

2    Commissioner in an action brought in the name of the State of California." *Id.*

3    (citations and internal quotation marks omitted).  The Court reasoned that "[s]uch

4    inclusion of specific provisions for the criminal and agency enforcement of violations

5    of section 212 evinces a <u>lack</u> <u>of</u> <u>intent</u> on the part of the legislature to additionally

6    provide a right of action." *Id.* (emphasis added).

7            This Court's reasoning in the *Gunawan* decision is entirely consistent with the

8    numerous decisions of other California state and federal courts finding no private right

9    of action to enforce a variety of other sections of the Labor Code.  *See, e.g.*, *Lu v.*

10   *Hawaiian Gardens Casino, Inc.*, 50 Cal. 4th 592, 597-98, 601 (2010) (finding no

11   private right of action under Labor Code § 351 because the statement that "every

12   gratuity" is the "sole property of the employee or employees to whom it was paid,

13   given, or left for" "did not reflect legislative intent to give employees a new statutory

14   remedy to recovery misappropriated gratuities"); *Johnson v. Hewlett-Packard Co.*,

15   809 F. Supp. 2d 1114, 1136 (N.D. Cal. 2011) (finding no private right of action under

16   Labor Code § 204, which requires the payment of wages in a timely manner, and

17   § 223, which prohibits the secret payment of a lower wage than required by contract

18   or statute; neither provision created an entitlement to wages nor clearly indicated

19   legislative intent to create a private right of action); *Ruiz v. The Paladin Group, Inc.*,

20   2003 WL 22992077, at *2 (C.D. Cal. Sept. 29, 2003) (King, J.) (finding no private

21   right of action under Labor Code § 558, which creates a civil penalty for violations of

22   chapter 500 of the Labor Code and the Wage Orders, based on the comprehensive

23   administrative enforcement scheme found in the statue together with the absence of

24   any statutory reference to a private right of action); *Bureerong*, 922 F. Supp. at 1475

25   (same, Labor Code Section 2651, which prohibits the manufacture of "wearing

26   apparel" by industrial homework, because the statute was silent on the existence of a

27   private right of action and the legislature had expressly included a right of action on

28

the part of the DLSE); *Kamath v. Robert Bosch LLC*, 2014 WL 2916570, at *5 (C.D. Cal. June 26, 2014) (Snyder, J.) (finding no private right of action under Labor Code § 221, which prohibits employers from "collecting or receiving" from an employee any part of the employee's previously paid wages, because the statute did not create an entitlement to wages, and § 221 specifically provided for criminal and agency enforcement); *Mouchati v. Bonnie Plants, Inc.*, 2014 WL 1661245, at **7-8 (C.D. Cal. Mar. 6, 2014) (Phillips, J.) (same); *Harris v. Vector Mktg. Corp.*, 2010 WL 2077015, at **3-4 (N.D. Cal. May 20, 2010) (finding no private right of action under Labor Code § 450, which prohibits employers from compelling or coercing employees from purchasing things of value, where there was nothing in the explicit language of the statute to suggest a right action exists and the plaintiff pointed to no evidence that the legislature intended to create a private right of action; the court also noted that the "legislative intent" test is applied strictly).   Your Honor should rule similarly here with respect to Plaintiff's Section 212 claim.

Because Labor Code Section 212 fails to provide for an express right of action, imposes no liability on an employer in breach, sets forth no remedy for an aggrieved employee, creates no entitlement to wages, does not refer to any private enforcement mechanism, and provides both a criminal and administrative enforcement mechanism, clearly no private right of action exists.  *See, e.g. Lu*, 50 Cal. 4th at 597.  Accordingly, the Court must dismiss Plaintiff's first cause of action in the FAC with prejudice.

**B.    Plaintiff's "Pay Card" Claim Also Must Be Dismissed Because Plaintiff Has Not Pled Any Facts Constituting A Violation of § 212**

In addition to the fact that there is no private right of action under Labor Code Section 212, Plaintiff's first cause of action also fails because the FAC falls woefully short of pleading a plausible claim for relief for failure to pay wages "without discount."  As a threshold matter, the facts Plaintiff alleges, even if true, would not establish that Tuesday Morning violated Section 212.  Moreover, the Ninth Circuit

1   recently left no doubt as to the level of specificity required to plead wage and hour

2   claims in the post–*Twombly* and post–*Iqbal* world, and Plaintiff does not come close

3   to meeting that standard.

4         Section 212 states in relevant part that an employer must pay its employees with

5   a form of payment that is "negotiable and payable in cash, on demand, without

6   discount."   Cal. Lab. Code § 212(a)(1).   To state a viable claim under Section 212

7   based on an employer's use of a payroll debit card, Plaintiff <u>must</u> allege, among other

8   things, that she was denied the opportunity to access all of her wages in cash, on

9   demand, without fee or discount, at least once per pay period. *See Holak v. Kmart*

10   *Corp.*, 2012 WL 6202298, at **6-7 (E.D. Cal. Dec. 12, 2012) (dismissing the

11   plaintiff's pay card claim where her first ATM withdrawal every pay period was

12   without charge); DLSE Opinion Letter 2008.07.07.2, dated July 7, 2008 (RJN Ex. 3),

13   p. 5 (validating under Labor Code § 212 payment of wages by payroll debit cards and

14   Money Network checks, as long as the method permits at least one transaction per pay

15   period without fee).   The Division of Labor Standards Enforcement has issued two

16   opinion letters confirming the lawfulness of paying wages via payroll debit cards and

17   the related use of "convenience checks," provided (i) the use of these methods of

18   wage payment is voluntary; (ii) the employee has other payroll options; (iii) there is

19   no fee to use these forms of payment at least once per pay period at a banking

20   institution in California; and (iv) the employee has immediate access to the funds on

21   payday.   DLSE Opinion Letter 2008.07.07 and DLSE Opinion Letter 2008.07.07.2

22   (attached as RJN Exs. 2 and 3, respectively, for the Court's convenience).

23         Thus, as long as Tuesday Morning provided Plaintiff <u>at</u> <u>least</u> <u>one</u> opportunity

24   per pay period to withdraw all of her wages in cash on demand without a fee, there is

25   no violation of the law.   Here, Plaintiff's general allegations, devoid of any specific

26   facts, fail to support a plausible violation of Labor Code Section 212.   In their entirety,

27

28

WEIL:\95164401\10\78254.0008

Plaintiff's factual allegations regarding her use of the payroll debit card consist of the following three sentences:

> "At times during her employment, Defendant paid Plaintiff her wages on a "pay card," or pre-loaded debit card and gave her the [sic] vacation pay on it.  Plaintiff incurred fees when attempting to use the pay card at various businesses in California.  Plaintiff incurred fees when attempting to cash the pay card."[4]

FAC ¶ 7.  Merely alleging that she "incurred fees" when attempting to use her payroll debit card is insufficient for Plaintiff to state a claim under Labor Code § 212.  *See Holak*, 2012 WL 6202298, at **6-7; DLSE Opinion Letter 2008.07.07-2.  Rather, to state a claim, Plaintiff <u>must</u> allege that she was denied any opportunity to access her wages without discount—which she has not done, because she cannot.  Accordingly, for this reason too, Plaintiff clearly has no viable claim under Section 212.[5]

---

[4] Of course, Plaintiff must have a good faith basis for alleging that she incurred fees when using her payroll debit card.  She makes no such allegations and, as acknowledged by her counsel in a meet and confer discussion, he "does not recall" whether she actually incurred any fees.  (Friedman Decl. ¶ 3.)  This is not surprising since, as set forth in footnote 5, *infra*, Tuesday Morning's payroll debit card program is specifically structured to avoid the incurrence of any fees.

[5] Furthermore, it would be futile for the Court to allow Plaintiff to amend and submit a <u>fourth</u> pleading to attempt to assert a viable Section 212 claim.  We recognize that Tuesday Morning's actual compliance with Labor Code Section 212 is beyond the scope of the pleadings.  However, as Plaintiff and her counsel well know, Plaintiff and Tuesday Morning's other employees who chose to receive their wages through Tuesday Morning's voluntary payroll debit card program are offered <u>unlimited</u> <u>free</u> <u>access</u> to their wages <u>every</u> <u>pay</u> <u>period</u> via several different types of transactions.  During the meet and confer process, counsel for Tuesday Morning provided Plaintiff's counsel with a copy of the fee schedule associated with Tuesday Morning's pay card program, which is administered by a company called Money Network.  This fee schedule is distributed to Tuesday Morning's employees who choose to participate in the pay card program.  A copy of Tuesday Morning's meet and confer letter, dated December 4, 2014, is attached as Exhibit A to the Friedman Declaration.  As shown on page 5 of Exhibit A to the Friedman Declaration, Tuesday Morning's employees

WEIL:\95164401\10\78254.0008

In addition to the fatal deficiencies discussed above, Plaintiff's first cause of action also fails and must be dismissed because Plaintiff's general and conclusory allegations of a Labor Code § 212 violation are wholly insufficient to state a plausible claim for relief under the pleading standard applicable in this Circuit to wage and hour cases. As referenced above, the Ninth Circuit Court of Appeals in *Landers v. Quality Comm'ns, Inc.*, 771 F.3d 638 (9th Cir. Nov. 12, 2014) addressed how the plausibility standard of *Bell Atlantic v. Twombly,* 550 U.S. 544, 570 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) must be applied in evaluating pleadings in wage and hour cases. Thus, in order to state a claim under Section 212 of the Labor Code, Plaintiff must allege facts "with sufficient specificity that they plausibly suggest that defendant failed to comply with its statutory obligations." *Landers*, 771 F.3d at 643 (citing *Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 90 (2d Cir. 2013)). The FAC does no such thing. It contains merely a vague and general allegation that Tuesday Morning violated the law. The FAC provides <u>no</u> <u>details</u> regarding any specific workweek(s) in which Plaintiff was allegedly paid with a payroll debit card and denied an opportunity to access her wages without discount, and does not allege <u>a</u> <u>single</u> <u>fact</u> relating to the manner in which she attempted to access her wages when she incurred the alleged fees, the location(s) at which she attempted to access her wages when she allegedly incurred the alleged fees, or the amount of the alleged fees assessed. *See Landers*, 771

---

(including Plaintiff) have or had several fee free options for accessing their wages <u>every</u> pay period, including, for example, taking cash advances from "Member Banks" or using "Money Network Checks." A list of "FAQs" on Money Network's website confirms that Money Network's payroll debit cardholders have access to many services and types of transactions free of charge. Friedman Decl., Ex. A, p. 7 (second "FAQ"). The documents demonstrate the lawfulness of Tuesday Morning's payroll card program. *See Holak*, 2012 WL 6202298, at **4-7 (dismissing a Section 212 pay card claim at the pleading stage after finding that consideration of the schedule of fees mailed to plaintiff and terms of the pay card program available on a company website were "appropriate at the motion to dismiss stage pursuant to the incorporation by reference doctrine").

F.3d at 644-45.  Remarkably, Plaintiff does not even allege <u>any</u> facts which provide a basis for her belief that she incurred <u>any</u> fees associated with Tuesday Morning's payroll debit card program.[6]   Accordingly, Plaintiffs Section 212 claim must be dismissed with prejudice.

### C.   Plaintiff's Derivative Class-Based Causes of Action in Counts V-VII Must Be Dismissed Due to Plaintiff's Defective Pay Card Claim

This Court must dismiss Plaintiff's fifth through seventh causes of action because they are entirely derivative of and rely upon Plaintiff's non-viable claim for violation of Labor Code § 212 in Count I of the FAC.  Specifically, Plaintiff alleges that as a result of Tuesday Morning's violation of Labor Code § 212, Tuesday Morning also failed to provide accurate written wage statements as required by Labor Code Section 226(a) (Count V), failed to pay its employees their final wages on a timely basis as required by Labor Code Sections 201-203 (Count VI), and engaged in unfair competition in violation of Business and Professions Code Section 17200 (Count VII).  It is well-settled that, where the underlying substantive causes of action are dismissed, claims derivative of those non-viable causes of action must also be dismissed.  Here, because Plaintiff's payroll debit card claim in her first cause of action is clearly defective as a matter of law, her derivative class claims based on Count I also fail.  *See, e.g., Lefevre v. Pac. Bell Directory*, 2014 WL 5810530, at *4 (N.D. Cal. Nov. 7, 2014); *Kamath v. Robert Bosch LLC*, 2014 WL 2916570 at **7-8; *Bellinghausen v. Tractor Supply Co.*, 2013 WL 5090869, at *5 (N.D. Cal. Sept. 13, 2013); *Rubin v. Wal-Mart Stores, Inc.*, 599 F. Supp. 2d 1176, 1179 (N.D. Cal. 2009); *Gutierrez v. Aaron's Inc.*, 2010 WL 4968142, at *3 (E.D. Cal. Dec. 1, 2010); *White v. Starbucks Corp.*, 497 F. Supp. 2d 1080, 1089–90 (N.D. Cal. 2007).

---

[6] As stated in footnote 4 above, Plaintiff's counsel "does not recall" whether Plaintiff incurred any fees.

1    Moreover, Plaintiff's derivative causes of action are not viable for several

2  additional, independent reasons. Plaintiff's claim for failure to provide accurate

3  written wage statements fails because Plaintiff has alleged no facts to plausibly

4  suggest that Tuesday Morning's alleged failure to provide her with an accurate wage

5  statement was "knowing and intentional," or that Plaintiff "suffered injury as a result

6  of" Tuesday Morning's alleged violation of the Labor Code. *See* Labor Code

7  § 226(e); *Brown v. Wal-Mart Stores, Inc.*, 2013 WL 1701581, at *8 (N.D. Cal. Apr.

8  18, 2013); *Price v. Starbucks Corp.*, 192 Cal. App. 4th 1136, 1142-43 (Cal. Ct. App.

9  2011).[7] Plaintiff's claim for failure to pay final wages fails because Plaintiff has

10  alleged no facts to plausibly suggest that Tuesday Morning has violated Labor Code

11  Section 201-203, or that such violations were "willful." *See* Labor Code § 203;

12  *Sanchez v. Aerogroup Retail Holdings, Inc.*, 2013 WL 1942166, at *14 (N.D. Cal.

13  May 8, 2013). Plaintiff's claim under the UCL, insofar as it is based on Plaintiff's

14  allegations of failure to pay wages without discount, failure to provide accurate

15  written wage statements, or failure to pay final wages, fails because the potential

16  remedies associated with those claims are civil penalties or statutory penalties. Under

17  the UCL, a private plaintiff's remedies are limited to injunctive relief and restitution.

18  Penalties are not recoverable under the UCL. *See Hadjavi v. CVS Pharm., Inc.*, 2010

19  WL 7695383, at *4 (C.D. Cal. Sept. 22, 2010 (penalties are not recoverable as

20  restitution under the UCL); *Rubin v. Wal-Mart Stores, Inc.*, 599 F. Supp. 2d at 1179

21  ("neither Section 203 nor Section 226 can provide a basis for a [UCL] claim, given

22  that both statutes provide for a *penalty*, rather than *wages*.") (emphases in original).

---

[7] It also appears that Plaintiff's wage statement claim is time barred, as Plaintiff's
employment with Tuesday Morning ended on July 12, 2013, and she did not file her
original Complaint until July 14, 2014, beyond the one-year limitations period
applicable to claims for failure to provide accurate wage statements. *See Murphy v.
Kenneth Cole Prods., Inc.*, 40 Cal. 4th 1094, 1118 n.16 (2007) (claims for itemized
wage statement violations are "undisputedly governed by a one-year statute of
limitations").

28

**D.**     **The Court Must Also Dismiss Plaintiff's Individual Causes of Action for Missed Meal and Rest Breaks, and Unpaid Wages**

Plaintiff alleges three causes of action on an individual, *i.e.*, non-class, basis only.  In Count II, Plaintiff alleges that Tuesday Morning failed to provide her with proper meal periods; in Count III, she alleges that Tuesday Morning failed to authorize and permit her to take proper rest periods; and in Count IV, Plaintiff alleges that Tuesday Morning did not pay her all of her hourly wages.  Each of these claims is premised on Plaintiff's allegation that Tuesday Morning misclassified her as an exempt employee, thus improperly treating her as ineligible for meal and rest periods, and overtime pay.  Each of these claims must be dismissed because Plaintiff has not pled a single fact which supports her allegation of misclassification.  Even if the Court were to credit Plaintiff's conclusory allegations that she was misclassified, she has further alleged no facts in support of her claims of missed meal and rest periods and unpaid wages which would even come close to satisfying the "plausibility" standard under Fed. R. Civ. P. 8.  Plaintiff's meal break, rest break, and overtime claims must be dismissed with prejudice.

**1.**     **Plaintiff Alleges No Facts Whatsoever Supporting her Misclassification Claim**

Plaintiff's three causes of action in the FAC seeking relief on an individual basis for alleged violations of the California Labor Code must be dismissed because she cannot satisfy the threshold pleadings showing required under *Landers*.  Plaintiff does not dispute that Tuesday Morning employed her as a salaried, exempt Store Manager.  FAC ¶ 6.[8]  Moreover, she utterly fails to allege a single fact to support her

---

[8] The FAC contains references to Plaintiff having worked in an hourly position (*e.g.*, FAC ¶ 5), which are merely remnants of the allegations in the original Complaint that Plaintiff failed to excise after she acknowledged she was an exempt Store Manager, but then decided to pursue a misclassification claim instead.  Plaintiff's counsel confirmed to Tuesday Morning's counsel during the meet-and-confer process that

contention that she was improperly classified as exempt from meal breaks, rest breaks, and overtime.  Her misclassification allegations consist entirely of the legal conclusion that "Plaintiff was misclassified as an exempt employee."  FAC, ¶¶ 9, 61.  Nothing more.  The FAC contains no factual allegations describing Plaintiff's job duties and responsibilities.  There are no allegations regarding the requirements of the relevant California exemptions as stated in the Wage Orders, nor how Plaintiff's job duties and responsibilities failed to satisfy those requirements.  Plaintiff does not even reference the relevant sections of the applicable Wage Order which set forth the applicable exemption(s).

Absent sufficient factual content which, if true, would render Plaintiff's misclassification claims plausible, Plaintiff's meal break, rest break, and unpaid wages and overtime claims cannot stand.  *See Schneider v. Space Systems/Loral, Inc.*, 2011 WL 4344232, at *3 n.5 (N.D. Cal. 2011) (on a motion to dismiss, ignoring plaintiff's statements of misclassification which were "legal conclusions 'unadorned' by any 'factual enhancements' to support their plausibility"); *see also Birdsong v. AT&T Corp.*, 2013 WL 1120783, at **4, 6 (N.D. Cal. 2013) (dismissing claim under the FLSA because the plaintiff failed to allege any facts about her job duties in support of her contention that she was misclassified as exempt under federal law).  Accordingly, Plaintiff's Counts II through IV in the FAC must be dismissed.

### 2.    Plaintiff Does Not Allege Any Facts Supporting Her Meal Break and Rest Break Claims, or Her Claim For Unpaid Wages and Overtime Claim

Plaintiff's second cause of action for meal break violations, third cause of action for rest break violations, and fourth cause of action for unpaid overtime must be dismissed because Plaintiff fails to plead a sufficient factual basis to render any of these claims plausible.  As discussed in detail below, the FAC falls far short of

Plaintiff does <u>not</u> allege that she was an hourly employee.

satisfying the Ninth Circuit's pleading standard articulated in *Landers*, and it is clear that Courts in this Circuit consistently dismiss complaints at the initial pleading stage that fail to satisfy these standards.   *See, e.g.*, *Bellinghausen v. Tractor Supply Co.*, 2013 WL 6057847, at **3-6 (N.D. Cal. Nov. 15, 2013); *Bellinghausen v. Tractor Supply Co.*, 2013 WL 5090869, at **3-4 (N.D. Cal. Sept. 13, 2013); *Brown v. Wal-Mart Stores, Inc.*, 2013 WL 1701581 at *5; *Schneider v. Space Systems/Loral, Inc.*, 2012 WL 476495, at **2-3 (N.D. Cal. Feb. 14, 2012); *Lopez v. Wendy's Int'l, Inc.*, 2011 WL 6967932, at **3-7, 11-15 (C.D. Cal. Sept. 19, 2011) (Morrow, J.); *Gutierrez v. Aaron's Inc.*, 2010 WL 4968142, at **2-3; *Weigele v. FedEx Ground Package Sys.*, 2010 WL 4723673, at **4-5, at **11-12 (S.D. Cal. Nov. 15, 2010); *Harding v. Time Warner*, 2010 WL 457690, at **4-5 (S.D. Cal. Jan. 26, 2010); *Harding v. Time Warner*, 2009 WL 2575898, at **3-4 (S.D. Cal. Aug. 18, 2009); *DeLeon v. Time Warner Cable*, 2009 WL 9426145, at *3 (C.D. Cal. Jul. 17, 2009) (Guilford, J.); *Anderson v. Blockbuster Inc.*, 2010 WL 1797249, at **3-4 (E.D. Cal. May 4, 2004).

In order to state a claim for meal break violations under the Labor Code and applicable Wage Order, Plaintiff must allege facts demonstrating that Tuesday Morning impeded or discouraged Plaintiff from taking meal breaks, or pressured her to perform duties in a way that omits breaks. *Brinker v. Superior Court*, 53 Cal. 4th 1004, 1040 (2012).   Plaintiff's allegations of meal breaks are comprised in their entirety of the following conclusory statements:

- "Plaintiff was . . . not provided all her meal and rest breaks, nor provided with a proper meal and rest break policy."  FAC ¶ 9.
- "Plaintiff alleges that, at relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing Plaintiff with uninterrupted meal periods of at least thirty (30) minutes for each five (5) hour work period, as required by Labor Code § 512 and the Wage Order."  FAC ¶ 30.

- "Plaintiff alleges that at all relevant times during the applicable limitations period and as matters of policy and practice, Defendants have failed to pay premium wages to Plaintiff when she worked five (5) hours without clocking out for any meal period." FAC ¶ 31.

- "Plaintiff alleges that at all relevant times during the applicable limitations period and as matters of policy and practice, Defendants employed Plaintiff for shifts of ten (10) or more hours without providing them with second meal periods and without paying them premium wages, as required by Labor Code § 512 and the Wage Order." FAC ¶ 32.

- "At all relevant times, Defendants failed to pay Plaintiff additional premium wages, and/or were not paid premium wages at the employees' regular rates of pay when required meal periods were not provided." FAC ¶ 33.

These allegations are clearly insufficient to state a claim for relief because they are general and conclusory allegations of violations of the Labor Code. *See, e.g.*, *Bellinghausen*, 2013 WL 6057847, at **3-6; *Brown*, 2013 WL 1701581, at *5; *Schneider*, 2012 WL 476495, at **2-3; *Weigele*, 2010 WL 472367, at **4-5. The FAC is bereft of any details regarding any specific workweek in which Plaintiff was purportedly denied a meal period. Moreover, Plaintiff fails to allege any facts at all regarding when, how, or why meal breaks were allegedly not provided. Nor does Plaintiff provide any facts explaining the nature of Tuesday Morning's allegedly improper meal break policy, or how the policy resulted in missed meal breaks. Because Plaintiff has failed to plead facts necessary to render her meal break claim plausible, the Court must dismiss Count II of the FAC.

Similarly, in order to state a claim for rest break violations under the Labor Code and applicable Wage Order, Plaintiff must allege facts which would demonstrate that Tuesday Morning did not "authorize and permit" her to take rest breaks, and thus

1   interfered with Plaintiff's right to take them.  *Brinker v. Superior Court*, 53 Cal. 4th at

2   1033.   Plaintiff's allegations of rest breaks are comprised in their entirety of the

3   following conclusory statements:

- "Plaintiff alleges that at relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing Plaintiff with net rest periods of a least ten (10) minutes for each four (4) hour work period, or major portion thereof, as required by the Wage Order."  FAC ¶ 42

- "At all relevant times, Defendants failed to pay Plaintiff and other class members additional premium wages when required rest periods were not provided."  FAC ¶ 43.

- "Defendants [sic] written policies do not provide Plaintiff a paid rest break for each four hours worked, and/or major fraction thereof, and that rest breaks should be taken in the middle of each work period insofar as practicable."  FAC ¶ 44.

16      As with Plaintiff's meal break allegations, these rest break allegations are also

17  insufficient to state a claim for relief because they are general and conclusory

18  allegations of violations of the Labor Code.   *See, e.g.*, *Bellinghausen*, 2013 WL

19  6057847, at **3-6; *Brown*, 2013 WL 1701581, at *5; *Weigele*, 2010 WL 472367, at

20  **4-5.  The FAC provides no details regarding any specific workweek in which

21  Plaintiff was purportedly denied a rest break.  Plaintiff fails to allege any facts at all

22  regarding when, how, or why rest breaks were allegedly not authorized or permitted.

23  Nor does Plaintiff provide any facts explaining the nature of Tuesday Morning's

24  allegedly improper rest break policy, or how the policy resulted in missed rest breaks.

25  Because Plaintiff has utterly failed to plead facts necessary to render her rest break

26  claim plausible, the Court must dismiss Count III of the FAC.

WEIL:\95164401\10\78254.0008

Finally, to state a claim for unpaid hourly wages or overtime, Plaintiff must allege facts sufficient to identify at least one workweek in which she worked but was not paid all of her hourly wages, or that she worked more than 40 hours in a week or more than eight (8) hours in a day, and was not paid for the time worked in excess of those hours. *Landers v. Quality Comm'ns, Inc.*, 771 F.3d at 644-45. Plaintiff's overtime allegations are as threadbare as her meal and rest break allegations. They consist entirely of the following conclusory statement:

- During the relevant time period, Defendants failed to pay Plaintiff all earned wages every pay period at the correct rates, including overtime rates, because Defendants misclassified Plaintiff as a non-exempt [sic] employee and did not pay Plaintiff irrespective of the hours worked. FAC ¶ 61.

These allegations, like those pertaining to meal and rest breaks, are woefully inadequate to state a claim for relief because they are general and conclusory allegations of violations of the Labor Code. The FAC provides no details regarding a specific workweek in which Plaintiff was not compensated for her hourly wages, or that she ever worked more than eight (8) hours in a day or 40 hours in a week thus entitling her to overtime pay (much less any details regarding the specific circumstances of such work). Accordingly, Plaintiff's claim for unpaid hourly and overtime wages in Count IV must be dismissed. *See Landers*, 771 F.3d at 644-45.

### 3. The Court Should Dismiss Plaintiff's Individual Derivative Causes of Action Insofar As they Rely on Her Untenable Individual Causes of Action

To the extent that any of Plaintiff's derivative causes of action in Counts V-VII of the FAC are derivative of Plaintiff's insufficiently pled individual causes of action, the Court must dismiss the derivative Counts V-VII as well. *See supra* at 13 (collecting cases). Moreover, Plaintiff's derivative causes of action, insofar as they

are based on Plaintiff's individual claims, are not viable for the additional, independent reasons discussed above in Section III(C).

### E.   Plaintiff's PAGA Claim in Count VIII Fails as a Matter of Law

Plaintiff's Eighth Cause of Action seeks PAGA penalties based on Tuesday Morning's violations of a variety of Labor Code provisions, which Plaintiff relies on in connection with both her class-based causes of action and her individual causes of action.  Plaintiff's Eighth Cause of Action seeking PAGA penalties fails in its entirety as a matter of law because it is wholly derivative of the factually and legally insufficient allegations of Plaintiff's purported First through Sixth Causes of Action. *See, e.g.*, *Elliot v. Spherion Pacific Work*, LLC, 572 F. Supp. 2d 1169, 1181-82 (C.D. Cal. 2008); *Price v. Starbucks Corp.*, 192 Cal. App. 4th   at 1147. Accordingly, Plaintiff's Eighth Cause of Action for PAGA penalties should be dismissed.

## IV.   CONCLUSION

For the foregoing reasons, the Court should dismiss Plaintiff's claims against Tuesday Morning for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

Dated:  December 22, 2014

Respectfully submitted,

WEIL, GOTSHAL & MANGES LLP

By:   /s/Gary D. Friedman
　　　Gary D. Friedman
　　　Attorneys for Defendant
　　　TUESDAY MORNING, INC.

WEIL:\95164401\10\78254.0008