Shaun Setareh (SBN 204514)
shaun@setarehlaw.com
Haitham Kahwaji (SBN 257154)
haitham@setarehlaw.com
SETAREH LAW GROUP
9454 Wilshire Blvd., Suite 907
Beverly Hills, California 90212
Telephone:  (310) 888-7771
Facsimile:   (310) 888-0109

Attorneys for Plaintiff,
BRIANA CHRISTIE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIANA CHRISTIE, on behalf of herself, all others similarly situated and the general public<br><br>*Plaintiff*,<br><br>v.<br><br>TUESDAY MORNING, INC., a Texas corporation; and DOES 1-50, inclusive,<br><br>*Defendants*. | Case No.  14-cv-06505-PSG (AGRx)<br><br>Honorable Philip S. Gutierrez<br><br>**OPPOSITION TO DEFENDANT'S MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Hearing Date:    March 2, 2015<br>Hearing Time:    1:30 p.m.<br>Location:            880 - Roybal |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Briana Christie ("Plaintiff") brings this class and representative action against defendant TUESDAY MORNING, INC., a Texas corporation and other defendants for violations of the Labor Code as well as the Business and Professions Code. Based on the Labor Code violations, Plaintiff brings this class and representative action to recover unpaid wages, restitution, and related relief on behalf of herself, all others similarly situated, and the general public.

On December 22, 2014, Defendant Tuesday Morning, Inc. ("Defendant") moved, pursuant to Rules 8(a)(2) and 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss with prejudice and without leave to amend, all causes of action in the First Amended Complaint.

## II.  LEGAL STANDARD

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that each claim in a pleading be supported by "a short and plain statement of the claim showing that the pleader is entitled to relief ..." *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 640-41 (9th Cir. 2014), as amended (Jan. 26, 2015) (quoting Fed.R.Civ.P. 8(a)(2)). The Supreme Court clarified in *Twombly* that to satisfy Rule 8(a)(2), a complaint must contain sufficient factual content "to state a claim to relief that is plausible on its face...." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This requirement of plausibility was reinforced in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that to satisfy Rule 8(a)(2), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face") (citation and quotation marks omitted).

A claim for relief is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged...." *Id.* (citation omitted).

This standard does not rise to the level of a probability requirement, but it demands "more than a sheer possibility that a defendant has acted unlawfully...." *Id.* (citation omitted).

In evaluating whether a complaint states a plausible claim for relief, courts rely on "judicial experience and common sense" to determine whether the factual allegations, which are assumed to be true, "plausibly give rise to an entitlement to relief." *Id*. at 679.

### III. ARGUMENT

Plaintiff opposes Defendant's motion as follows:

**A. Plaintiff Will Seek Leave to Amend Her Complaint**

Defendant first argues that the Court must dismiss Plaintiff's first cause of action because, among other things, there is no private right of action under Section 212 of the Labor Code. (Mot. at 6-8.) Plaintiff agrees that there is no private right of action here and, for that limited purpose, Plaintiff consents to the dismissal of that claim with the *caveat* that the allegations underlying the claim shall be used with respect to other ensuing claims. Leave to amend is hereby respectfully requested to make the necessary changes.

As Rule 15 provides, leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); *see also Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir.2003) ("This policy is to be applied with extreme liberality.") (citation omitted). Here, justice certainly requires leave to amend because Plaintiff does in fact allege viable violations when brought by the proper legal theory, as she proposes to do through amendment.

///

///

///

**B. Plaintiff's Fifth through Seventh Claims Should Not Be Dismissed Because They Are Viable Without A Section 212 Claim Asserted As A Private Right of Action**

Defendant next argues the court should dismiss the "fifth through seventh causes of action because they are entirely derivative of and rely upon Plaintiff's non-viable claim for violation of Labor Code § 212 in Count 1 of the FAC." (Mot. at 13) Specifically, Plaintiff alleges that as a result of Tuesday Morning's violation of Labor Code § 212, Tuesday Morning also failed to provide accurate written wage statements as required by Labor Code Section 226(a) (Count V), failed to pay its employees their final wages on a timely basis as required by Labor Code Sections 201-203 (Count VI), engaged in unfair competition in violation of Business and Professions Code Section 17200 ("UCL") (Count VII), and is liable for civil penalties under PAGA. Defendant argues "It is well-settled that, where the underlying substantive causes of action are dismissed, claims derivative of those non-viable causes of action must also be dismissed. Here, because Plaintiff's payroll debit card claim in her first cause of action is clearly defective as a matter of law, her derivative class claims based on Count 1 also fail." (Mot. at 13.)

As mentioned above, although Plaintiff concedes that the section 212 claim may not be brought as a private right of action, it may nonetheless be asserted as a PAGA claim, or even as a UCL claim. *See*, *e.g.*, *Gonzalez v. Millard Mall Services, Inc.*, 281 F.R.D. 455, 468 (2012) (granting "class certification as to the UCL claim for violation of Labor Code section 212"); *Fleming v. Dollar Tree Stores, Inc.*, 2006 WL 2975581 *8 (N.D. Cal. September 15 2006) (declining to strike portions of the complaint alleging section 212 violation with respect to California Business and Professions Code section 17200).

It does not follow therefore that the Court should completely disregard the allegations of that claim, as Plaintiff's (limited) consent to the foregoing dismissal

notes. In other words, just because the section 212 claim fails as a private right of action, the complained-of violations are nonetheless viable when brought using the proper vehicle, like PAGA or the UCL.

Because that is Defendant's sole argument underlying the requested dismissal here, it must fail. (See Mot. at 13) ("Plaintiff's derivative class-based causes of action in counts V-VII must be dismissed due to plaintiff's defective pay card claim."). Although an outright denial of this argument is warranted, Plaintiff nevertheless requests leave to amend the operative complaint.

In sum, because this is Defendant's sole argument for dismissal, and Plaintiff has already clarified above that she is merely consenting to the dismissal of the pay card claim (as a private cause of action), it follows that the Court should deny Defendant's motion with respect to these claims. Concurrently, Plaintiff requests leave to amend, so she can more clearly state her claims.

### C. Plaintiff's Second through Fourth Claims Are Viable Because The Operative Complaint Alleges Sufficient Facts

Plaintiff alleges three causes of action on an individual, non-class basis. In Count II, Plaintiff alleges that Tuesday Morning failed to provide her with proper meal periods; in Count III, she alleges that Tuesday Morning failed to authorize and permit her to take proper rest periods; and in Count IV, Plaintiff alleges that Tuesday Morning did not pay her all of her hourly wages.

Defendant argues these claims are all premised on Plaintiff's allegation that Tuesday Morning misclassified her as an exempt employee, thus improperly treating her as ineligible for meal and rest periods, and overtime pay. (Mot. at 15) ("Each of these claims must be dismissed because Plaintiff has not pled a single fact which supports her allegation of misclassification. Even if the Court were to credit Plaintiff's conclusory allegations that she was misclassified, she has further alleged no facts in support of her claims of missed meal and rest periods and

unpaid wages which would even come close to satisfying the 'plausibility' standard under Fed. R. Civ. P. 8.").

As Plaintiff alleges in the operative complaint, "At all relevant times, Plaintiff has been misclassified as a[n] []exempt employee of Defendants [not] entitled to the full protections of the Labor Code and the Wage Orders." (See e.g. Compl. ¶ 48.) Plaintiff has also alleged that "during the applicable limitations period, Defendants maintained a policy or practice of not providing Plaintiff with uninterrupted meal periods of at least thirty (30) minutes for each five (5) hour work period, as required by Labor Code § 512 and the Wage Order." (Id. ¶ 30.)

And as the Ninth Circuit recently noted, "[o]bviously, with the pleading of more specific facts, the closer the complaint moves toward plausibility." *Landers*, 771 F.3d at 645 (dealing with Fair Labor Standards Act). "However, like the other circuit courts that have ruled before us, we decline to make the approximation of overtime hours the sine qua non of plausibility for claims brought under the FLSA. After all, most (if not all) of the detailed information concerning a plaintiff-employee's compensation and schedule is in the control of the defendants." *Id.* Having yet to undertake discovery, such information remains mostly with Defendant.

Should the Court find the operative complaint wanting in some respects, Plaintiff respectfully requests leave to amend the complaint with more specific factual allegations to move closer "the complaint … toward plausibility." *Id.* Plaintiff intends to show that, although she was classified as an exempt manager, she in fact performed a great deal of duties that support her misclassification claim.

### D. Plaintiff's Labor Code § 212 Claim is Viable as an Underlying Claim Pursuant to PAGA

Defendant argues Plaintiff's eighth cause of action seeking PAGA penalties fails in its entirety as a matter of law because it is wholly derivative of the

factually and legally insufficient allegations of Plaintiff's purported First through Sixth Causes of Action. (Mot. at 21.) Accordingly, argues Defendant, Plaintiff's Eighth Cause of Action for PAGA penalties should be dismissed. (Id.)

For the same reasons discussed above, Plaintiff disagrees. Plaintiff merely abandoned her section 212 insofar as it is brought as a private right of action. Nevertheless, to the extent the allegations of the operative complaint are unclear, Plaintiff respectfully requests leave to amend.

## IV. CONCLUSION

For the reasons discussed above, the Court should dismiss the stand-alone section 212 claim (pled as a private right of action), and allow Plaintiff leave to amend so she can make the necessary adjustments.

Respectfully Submitted,

SETAREH LAW GROUP

Dated: January 28, 2015       BY: /s/ Haitham Kahwaji
                              HAITHAM KAHWAJI
                              Attorney for Plaintiff,
                              BRIANA CHRISTIE