UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-6505 PSG (AGRx) | Date | March 2, 2015 |
|---|---|---|---|
| Title | Briana Christie v. Tuesday Morning, Inc. | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):**   Order GRANTING Motion to Dismiss

    Before the Court is Defendant Tuesday Morning, Inc.'s ("Defendant") motion to dismiss Plaintiff's First Amended Complaint ("FAC"). Dkt. # 32. The Court finds this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. After considering the arguments in the moving, opposing, and reply papers, the Court GRANTS the motion with LEAVE TO AMEND.

I.   Introduction

    This lawsuit was initially brought on July 14, 2014 in Los Angeles Superior Court by Plaintiff Briana Christie ("Plaintiff") against Defendant, her former employer. *See Mot.* 4:20-21. The complaint asserted class claims for failure to pay wages without discount, failure to pay overtime wages, failure to provide meal and rest breaks, failure to provide accurate written wage statements, failure to timely pay all final wages, and unfair competition. *Id.* 4:21-26. On August 19, 2014, Defendant removed the action to this Court pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). *Id.* 4:26-5:2. The next day, Plaintiff filed an amended complaint in Los Angeles Superior Court. The amended complaint dropped the claims for failure to pay overtime, failure to provide meal breaks, and failure to provide rest breaks. *See* Dkt. # 33, *Defendant's Request for Judicial Notice* ("RJN"), *Ex. 1.*[1]

---

[1] Defendant requests that the Court take judicial notice of the amended complaint filed in state court and two California Department of Industrial Relations, Division of Labor Standards Enforcement ("DLSE") Opinion Letters. *See RJN.* The Court may take judicial notice of and consider matters that are not subject to reasonable dispute. *See* Fed. R. Evid. 201(b); *U.S. ex rel Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.") (internal quotations omitted). These court filings and administrative opinion letters are the types of documents generally not subject to reasonable dispute and Plaintiff does not dispute their content or oppose

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-6505 PSG (AGRx) | Date | March 2, 2015 |
|---|---|---|---|
| Title | Briana Christie v. Tuesday Morning, Inc. | | |

On November 21, 2014, Plaintiff filed the operative FAC in this Court. Plaintiff was employed by Defendants for the past four years as a store manager. *FAC* ¶ 6. Plaintiff alleges that during the course of her employment, Defendant paid Plaintiff her wages on a "pay card" or a pre-loaded debit card, and that Plaintiff incurred fees when attempting to use this card. *Id.* ¶ 7. From this allegation, Plaintiff asserts a claim against Defendant for violation of California Labor Code § 212 for failure to pay wages without discount ("Count One"). Plaintiff contends that because Defendant violated § 212, Defendant also failed to provide accurate written wage statements in violation of California Labor Code § 226 ("Count Five"), and failed to timely pay all final wages in violation of California Labor Code § 201-03 ("Count Six"). *Id.* ¶¶ 20-22.[2]

Plaintiff also alleges that Defendant improperly categorized Plaintiff as an "exempt employee" under California Wage Order Section 2. *Id.* ¶ 9. Plaintiff contends that because Defendant misclassified her, Defendant (1) failed to provide meal periods under California Labor Code §§ 204, 223, 226.7 512 and 1198 ("Count Two"); (2) failed to provide rest periods, California Labor Code §§ 204, 223, 226.7, and 1198 ("Count Three"); and (3) failed to pay hourly and overtime wages, California Labor Code §§ 223, 510, 1194, 1197, and 1198 ("Count Four"). *Id.* ¶¶ 23-68. Plaintiff also asserts the following claims based on Defendant's alleged violations of all the aforementioned Labor Code provisions: violation of California's unfair competition law ("UCL"), California Business & Professions Code §§ 17200, et seq. ("Count Seven"); and a representative action under California's Private Attorneys General Act ("PAGA"), California Labor Code §§ 2698, et seq. ("Count Eight"). *Id.* ¶¶ 64-101.

On December 22, 2014, Defendant brought the present motion to dismiss. Dkt. # 32.

II.     Legal Standard

A motion to dismiss under Rule 12(b)(6) tests whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When deciding a Rule 12(b)(6) motion, the court must accept the facts pleaded in the complaint as true, and construe them in the light most favorable to the plaintiff. *Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1019 (9th Cir. 2013); *Cousins v. Lockyer*, 568 F.3d 1063, 1067-68 (9th Cir. 2009). The court, however, is not required to accept "legal conclusions . . . cast in the form of factual allegations." *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981); *see Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.

---

Defendant's request for judicial notice of them. Accordingly, the Court GRANTS Defendant's request for judicial notice.

[2] Plaintiff does not plead a factual basis for Counts Five and Six other than Defendant's pay card violation and does not dispute the derivative nature of these claims in the Opposition.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-6505 PSG (AGRx) | Date | March 2, 2015 |
|---|---|---|---|
| Title | Briana Christie v. Tuesday Morning, Inc. | | |

The court may properly consider exhibits attached to the complaint. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1030-31 (9th Cir. 2008); *Amfac Mortg. Corp. v. Az. Mall of Tempe, Inc.*, 583 F.2d 426, 429-30 (9th Cir. 1978). The court may also consider documents that have been judicially noticed. *Lee v. City of L.A.*, 250 F.3d 668, 688-89 (9th Cir. 2001), *overruled on other grounds*, *Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119, 1125-26 (9th Cir. 2002).

After accepting all non-conclusory allegations as true and drawing all reasonable inferences in favor of the plaintiff, the court must determine whether the complaint alleges a plausible claim to relief. *See Iqbal*, 556 U.S. at 679-80. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556); *see Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

III. Discussion

The Court will first address the Labor Code violations resulting from the pay card payments and then analyze the Labor Code violations resulting from Plaintiff's misclassification as an exempt employee. Lastly, the Court will consider Plaintiff's UCL and PAGA claims premised on the various Labor Code violations.

    A. Pay Card Claims (Counts One, Five and Six)

Plaintiff brings a claim against Defendant for violation of § 212 for failure to pay wages without discount. *Id.* 5:12-6:4. Plaintiff also asserts derivative pay card claims against Defendant for: (1) failure to provide accurate written wage statements, Cal. Lab. Code § 226; and (2) failure to timely pay all final wages Cal. Lab. Code § 201-03.

Defendant brings several challenges to Plaintiff's FAC. Defendant first argues that Plaintiff's claim for failure to provide wages without discount should be dismissed because (1) there is no private right of action under § 212; and (2) even if there is, the FAC fails to state a claim for relief. *See Mot.* 6:24-9:20, 9:23-11:13, 12:1-5. Second, Count Five (failure to provide accurate wage statements) and Count Six (failure to timely pay all final wages) must be dismissed because they derive from Plaintiff's non-viable claim for violation of § 212. *Id.* 13:7-9. Third, Count Five fails because Plaintiff does not allege that Defendant's conduct was knowing and intentional or that Plaintiff suffered injury as a result. *Id.* 14:1-6. Fourth, Count

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-6505 PSG (AGRx) | Date | March 2, 2015 |
|---|---|---|---|
| Title | Briana Christie v. Tuesday Morning, Inc. | | |

Six fails because Plaintiff alleges no facts to plausibly suggest that Defendant willfully violated Cal. Lab. Code § 201-203. *Id.* 14:9-11. The Court will address each argument in turn.

        1.        <u>Cal. Lab. Code § 212 (Count One)</u>

Under Cal. Lab. Code § 212 (a)(1)-(2):

> (a) No person, or agent or officer thereof, shall issue in payment of wages due, or to become due, or as an advance on wages to be earned:
>
> (1) Any order, check, draft, note, memorandum, or other acknowledgment of indebtedness, unless it is negotiable and payable in cash, on demand, without discount, at some established place of business in the state, the name and address of which must appear on the instrument, and at the time of its issuance and for a reasonable time thereafter, which must be at least 30 days, the maker or drawer has sufficient funds in, or credit, arrangement, or understanding with the drawee for its payment.
>
> (2) Any scrip, coupon, cards, or other thing redeemable, in merchandise or purporting to be payable or redeemable otherwise than in money.

Cal. Lab. Code § 212 (a) (1)-(2). Recovery under § 212 is limited to civil penalties, which shall be "recovered by the Labor Commissioner as part of a hearing held to recover unpaid wages and penalties or in an independent civil action." Cal. Lab. Code § 225.5.

      Defendant argues that Plaintiff's cause of action alleging violation of § 212 fails because 1) there is no private right of action to sue under this statute and, 2) even if there is, the FAC fails to state a claim for relief. *See Mot.* 6:24-13:4. Defendant further points out that Counts Five and Six derive from Plaintiff's non-viable § 212 claim and must therefore be dismissed. *Id.* 13:7-9.

      Plaintiff agrees to the dismissal of Count One, conceding that § 212 does not provide a private right of action, but requests leave to amend her complaint to re-assert her § 212 claim. Plaintiff argues that her claim is still viable under either the PAGA or UCL causes of action (Count Eight and Count Seven, respectively). *Opp.* 2:12-24, 3:18-20. The Court will first address whether it is possible for Plaintiff to assert her § 212 claim under PAGA and will then address whether Plaintiff has substantively stated a claim for relief.

            i.       *Whether § 212 is still viable under PAGA*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-6505 PSG (AGRx) | Date | March 2, 2015 |
|---|---|---|---|
| Title | Briana Christie v. Tuesday Morning, Inc. | | |

Under PAGA:

> any provision of [the Labor Code] that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency…may, as an alternative, be recovered by an aggrieved employee on behalf of himself or herself and current or former employees.

Cal. Lab. Code §2699 (a). If the California Labor and Workforce Development Agency ("LWDA") declines to investigate an alleged labor law violation, an aggrieved employee may commence a PAGA action against an employer "personally and on behalf of other current or former employees to recover civil penalties for Labor Code violations." *Arias v. Super. Ct.*, 46 Cal. 4th 969, 980 (2009). The civil penalty is "one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation." Cal. Lab. Code § 2699(f)(2). An aggrieved employee is "any person who was employed by the alleged violator and against whom one or more of the alleged violations was committed." *Id.* § 2699(c). The LWDA receives seventy-five percent of the penalties collected in a PAGA action, and the aggrieved employees the remaining twenty-five percent. *Id.* § 2699(i).

A violation of § 212 only provides for the recovery of civil penalties. Cal. Lab. Code § 225.5. Thus, courts have found that a plaintiff can privately enforce Cal. Lab. Code §212 under PAGA. *See Gunawan v. Howroyd-Wright Employment Agency*, 997 F.Supp.2d 1058, 1069 (C.D. Cal. 2014) (noting that the plaintiff could have privately enforced Cal. Lab. Code §§ 212, 213, 221, and 223 under PAGA).

Here, it is possible for Plaintiff to privately enforce a viable § 212 under PAGA. *Fobroy v. Video Only, Inc.* No. C–13–4083 EMC, 2014 WL 6306708, at *5 (N.D. Cal. 2014).

### ii. Whether Plaintiff pled a plausible claim for relief under § 212

Defendant also moves to dismiss Plaintiff's § 212 cause of action for failure to state a claim. Defendant argues that Plaintiff's claim fails because 1) Plaintiff has failed to demonstrate that she was denied *any* opportunity to access her wages without discount and 2) Plaintiff's allegations of a § 212 violation do not meet the pleading requirements. *Mot.* 11:11-13, *Reply* 3:12-17.

California Labor Code § 212(a)(1) prohibits the payment of wages by "any order, check, draft, note, memorandum, or other acknowledgment of indebtedness, unless it is negotiable and payable in cash, on demand, without discount, *at some established place of business in the*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-6505 PSG (AGRx) | Date | March 2, 2015 |
|---|---|---|---|
| Title | Briana Christie v. Tuesday Morning, Inc. | | |

*state*." Cal. Lab. Code § 212(a)(1). (Emphasis added). DLSE has issued opinion letters regarding how payroll debit card programs may comply with the Labor Code. *See* RJN, Ex. 2, 3. "While DLSE opinion letters are not entitled to deference, district courts have looked to them as a source of persuasive authority." *Holak v. Kmart Corp.*, No. 1:12–CV–00304 AWI MJS, 2012 WL 6202298, at *6 (E.D. Cal. Dec. 12, 2012). In the two letters submitted by Defendant, DLSE noted that § 212 can be satisfied by "providing at least *one transaction per period without fee*. By providing one free transaction, the payroll debit card programs effectively provide for immediate and free access to an employee's wages in full." (Emphasis in original). *See* RJN, Ex. 2 at 30-31. Thus, a plain language reading of the statute and these DLSE opinion letters show that § 212 is violated when an employee is denied all opportunities to access her wages without discount. *Holak*, 2012 WL 6202298, at *7.

In the FAC, Plaintiff alleges that "at times" during her employment, Defendants paid Plaintiff her wages with a pay card and that she could not use her pay card without incurring fees. *FAC* ¶ 7. She also makes a broad assertion that Defendant "issu[ed] wages due in a non-negotiable manner which is not payable in cash at some place of business in the state without discount." *Id.* ¶ 22.

These allegations are insufficient in that they misunderstand what constitutes a violation of § 212. Plaintiff has not alleged that she was denied any opportunity to access her wages without discount. Thus, Plaintiff's allegations fail to state a claim for violation of § 212.

As to the claim for failure to provide wages without discount, Defendant's motion is GRANTED with LEAVE TO AMEND.

   2. <u>Derivative Claims (Counts Five and Six)</u>

Defendant argues that that Plaintiff's claims for Defendant's failure to provide accurate written wage statements and failure to pay its employees their wages on a timely basis are entirely derivative of her non-viable § 212 claim. Thus, the derivative claims must also be dismissed. *Mot.* 13: 7-19. Plaintiff appears to agree that Counts Five and Six are based on her § 212 claim, but requests leave to amend the complaint. *Opp.* 3:1-4:13.

Because Plaintiff failed to adequately plead a violation of § 212, the Court also dismisses her derivative claims for Defendant's failure to provide accurate written wage statements and failure to pay its employees their wages on a timely basis. Thus, as to these derivative claims, Defendant's motion is GRANTED. To the extent Plaintiff can adequately plead her cause of action based on Defendant's alleged violation of § 212, Plaintiff has LEAVE TO AMEND the derivative claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-6505 PSG (AGRx) | Date | March 2, 2015 |
|---|---|---|---|
| Title | Briana Christie v. Tuesday Morning, Inc. | | |

B.  Misclassification Claims (Counts Two, Three and Four)

Plaintiff also brings three causes of action based on a misclassification theory. Plaintiff alleges that although Defendant treated her as an "exempt employee," she was actually "a non-exempt employee of Defendant entitled to full…protections of both the Labor Code and the Wage Order." *FAC* ¶ 37. As a result, Plaintiff claims that Defendant improperly treated her as ineligible for meal periods, rest periods, and overtime pay. *Id.* ¶ 9. Based on this misclassification theory, Plaintiff brings three claims against Defendant for failure to provide meal periods, Cal. Lab. Code. § 512, Wage Order Section 11; failure to provide rest periods, Wage Order Section 12; and failure to pay hourly and overtime wages, Cal. Lab. Code § 510, Wage Order Section 3. *Id.* ¶¶ 23-63.

Defendant argues that all three claims must be dismissed because Plaintiff has failed to plead any facts supporting her allegation that she was misclassified. *Mot.* 15:10-11. Moreover, even if Plaintiff sufficiently pled misclassification, Plaintiff additionally fails to plead facts to support these claims. *Id.* 15:11-16. In her Opposition, Plaintiff argues that she will be able to put forth more facts in support of her claims after undertaking discovery and requests leave to amend the complaint. *Opp.* 5:10-24. The Court will now address each argument in turn.

1.  Misclassification

Plaintiff alleges that Defendant misclassified her as an "exempt" Store Manager. *FAC* ¶¶ 6, 9. The FAC states that, "[a]t all relevant times, Plaintiff has been a non-exempt employee[] of Defendant[] entitled to the full meal period protections of both the Labor Code and the Wage Order." *Id.* ¶¶ 24, 37. As a result, Defendant did not provide meal and rest periods, did not compensate Plaintiff for working through these periods, and "did not pay Plaintiff irrespective of the hours worked." *Id.* ¶¶ 23-33.

Such bare assertions untethered to any facts about Plaintiff's specific employment history are insufficient to state a claim. *See Iqbal*, 556 U.S. at 678 ("[A] complaint [does not] suffice if it tenders naked assertions devoid of further factual enhancement.") (internal quotation omitted). Simply stating that Plaintiff was misclassified without a single fact supporting this theory is not enough to survive a motion to dismiss. *See Birdsong v. AT&T Corp.,* No. C12–6175 THE, 2013 WL 1120783, at *4, (N.D. Cal. 2013) (dismissing Plaintiff's complaint claiming that she was misclassified as an exempt employee and was therefore owed wages when "Plaintiff allege[d] no facts in support of her conclusion that she was misclassified; she offer[ed] no facts about her job duties at all."); *see also Schneider v. Space Systems/Loral, Inc.*, No. 5:11–cv–02489–JF, 2011 WL 4344232, at *3 n.5 (N.D. Cal. 2011) (ignoring Plaintiff's claim that he was misclassified where Plaintiff "d[id] not support his allegations concerning classification with factual

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-6505 PSG (AGRx) | Date | March 2, 2015 |
|---|---|---|---|
| Title | Briana Christie v. Tuesday Morning, Inc. | | |

content...These statements are legal conclusions 'unadorned' by any 'factual enhancements to support their plausibility.'") (citing *Iqbal*, 556 U.S. at 678).   Even if this legal conclusion sufficed, Plaintiff has provided no facts demonstrating that she was actually denied meal and rest periods or overtime wages as a result of the misclassification.

   2. <u>Failure to Provide Meal and Rest Periods (Counts Two and Three)</u>

  Plaintiff alleges that Defendant failed to provide required meal periods under California Labor Code §§ 226.7, 512, and 558.  Plaintiff also alleges that Defendant did not provide required rest periods under § 226.7 and § 558.  Section 512 and related California labor laws require an employer to provide no less than one 30-minute meal period when the employee works more than five hours in a day and no less than two 30-minute meal period when the employee works more than ten hours in a day.  Cal. Lab. Code § 512(a).  Section 12 of the Wage Order requires an employer to permit employees to take no less than ten minute rest periods for each four hour work period.  Cal. Wage Order Sec. 12.  Section 226.7 prohibits an employer from requiring an employee to work during a mandated meal or rest period.  Cal. Lab. Code § 226.7(a).  Section 558 describes the penalties afforded to plaintiffs for violations of Section 512.  *Id.* § 558.

  In regards to the meal period claim, the FAC states that "Defendants maintained a policy or practice of not providing Plaintiff with uninterrupted meal periods of at least thirty (30) minutes for each five (5) hour work period" and without paying premium wages; and "Defendants employed Plaintiff for shifts of ten (10) or more hours without providing them with second meal periods and without paying them premium wages."  *FAC* ¶¶ 30-32.

  Describing the rest periods claim, the FAC states that "Defendants maintained a policy or practice of not providing Plaintiff with net rest periods of a least ten (10) minutes for each four (4) hour work period" and without providing premium wages; and "Defendants written policies do not provide Plaintiff a paid rest break for each four hours worked." *Id*. ¶¶ 42-44.

  These bald allegations are insufficient.  The FAC contains no specific facts that Plaintiff missed any meal periods or rest periods, or that Plaintiff was not paid for these periods.  Plaintiff's allegations mirror those in cases cited by Defendant, where Plaintiffs alleged that they were misclassified as exempt employees then simply recited the relevant statutory language.  *See Schneider v. Space Systems/Loral, Inc.*, No. C 11–2489 MMC, 2012 WL 476495, at **2-3 (N.D. Cal. 2012) (dismissing complaint claiming that defendant misclassified plaintiff as exempt from California's wage and hour laws and thereby failed to provide him with overtime wages, meal breaks, and rest breaks when the complaint only alleged that plaintiff "work[ed] without being given paid 10–minute rest periods as required by law and without being given a 30–minute meal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-6505 PSG (AGRx) | Date | March 2, 2015 |
|---|---|---|---|
| Title | Briana Christie v. Tuesday Morning, Inc. | | |

period and second 30–minute meal periods as required by law, during which [they] should have been relieved of all duties and free to leave the premises"); *see also Lopez v. Wendy's Intern., Inc.*, No. CV 11–00275 MMM (JCx), 2011 WL 6967932, at *3-6 (C.D. Cal. Sept. 19, 2011) (dismissing complaint alleging that defendant "'failed to provide [its] employees with required ten minute rest periods' and that…[defendant] failed to provide uninterrupted 30–minute meal breaks to employees, and that she was 'unable to take a single meal period during her shift' several times a week'" because plaintiff did not plead how defendant prevented or dissuaded her from taking breaks). Thus, because Plaintiff's claims fail to include sufficient specific factual allegations and recite only the relevant statutory language, the motion is GRANTED with LEAVE TO AMEND as to the claims for failure to provide meal and rest periods.

   3. <u>Failure to Pay Hourly and Overtime Wages (Count Four)</u>

 In Count Four, Plaintiff alleges that Defendant failed to pay hourly and overtime wages under California Labor Code §§ 223, 510, 1194, 1197, and 1198. Under California Labor Code § 510:

> [a]ny work in excess of eight hours in one workday and any work in excess of 40 hours in one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.

Cal. Lab. Code § 510(a). California Labor Code § 1194 requires that "any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation . . . " *Id.* § 1194(a). Sections 1197 and 1198 similarly contain provisions for minimum wages and maximum hours under the applicable Industrial Wage Commission ("IWC") Wage Orders. *Id.* §§ 1197, 1198.[3]

 Plaintiff alleges that "during the relevant time period, Defendant failed to pay Plaintiff all earned wages every pay period at the correct rates, including overtime rates, because Defendants misclassified Plaintiff as a non-exempt employee and did not pay Plaintiff irrespective of the hours worked." *FAC* ¶ 61. Plaintiff also states that "Defendants have applied centrally devised policies and practices to him and Blank Class members with respect to working conditions and compensation arrangements." *Id.* ¶ 60.

---

[3] Additionally, California Labor Code § 1182.12 sets the minimum wage, and California Labor Code § 1194.2 provides for liquidated damages in an action to recover wages.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-6505 PSG (AGRx) | Date | March 2, 2015 |
|---|---|---|---|
| Title | Briana Christie v. Tuesday Morning, Inc. | | |

This recitation of legal conclusions is insufficient. The FAC contains no facts that Plaintiff actually worked overtime hours and was not paid. Setting aside the undefined "Blank Class" and the typographical errors, simply alleging that Defendant had "centrally devised policies," without further detail as to the terms of the policies or how they were enforced is ambiguous and conclusory. Other courts have found similar allegations insufficient. *See Landers v. Quality Comm'ns, Inc.*, 771 F.3d 638, 644 (9th Cir. 2014) ("We agree with our sister circuits that in order to survive a motion to dismiss, a plaintiff asserting a claim to overtime payments must allege that she worked more than forty hours in a given workweek without being compensated for the overtime hours worked during that workweek."); *see also Schneider*, 2012 WL 476495, at **2-3 (dismissing Plaintiff's claim for uncompensated overtime wages based on an allegation that Plaintiff was misclassified as an exempt employee when "the SAC includes no facts setting out the uncompensated hours Plaintiff worked, or any facts otherwise demonstrating he actually worked overtime."). Thus, because the FAC fails to state any facts in support of Plaintiff's allegations, the motion is GRANTED with LEAVE TO AMEND as to the claim for failure to pay hourly and overtime wages.

C.  PAGA

Under PAGA, plaintiffs can recover civil penalties for any violation of the Labor Code. Cal. Lab. Code § 2699(a). Plaintiff's PAGA claim is premised on the Labor Code violations arising out of her pay card and misclassification theories. Because Plaintiff failed to adequately plead any Labor Code violation, the Court also dismisses her PAGA claim. Thus, as to the PAGA claim, the motion is GRANTED with LEAVE TO AMEND.

D.  UCL

In Count Seven, Plaintiff alleges that Defendant violated the UCL by committing the Labor Code violations analyzed throughout this order. *FAC* ¶¶ 80-94. Defendant argues that the UCL claim fails because it is derivative of the non-viable § 212 and misclassification claims. *Mot.* 13:7-9. Moreover, these Labor Code statutes provide for civil or statutory penalties while the UCL provides only for injunctive relief or restitution. *Id.* 14:13-18.

The UCL prohibits "any unlawful, unfair, or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising," as well as any act prohibited by California's false advertising statute. *See Ariz. Cartridge Remanufacturers Ass'n v. Lexmark Int'l, Inc.*, 421 F.3d 981, 985 (9th Cir. 2005) (quoting Cal. Bus. & Prof. Code § 17200). Under the UCL, a plaintiff may only recover injunctive and restitutionary relief. *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-6505 PSG (AGRx) | Date | March 2, 2015 |
|---|---|---|---|
| Title | Briana Christie v. Tuesday Morning, Inc. | | |

The UCL claim arises out of Plaintiff's insufficient pay card and misclassification claims. Therefore, the UCL claim premised on these theories fails, and the motion is GRANTED with LEAVE TO AMEND.

IV.     Conclusion

Based on the foregoing, Defendant's motion is GRANTED as to each claim, with LEAVE TO AMEND.

Plaintiff may file a Second Amended Complaint ("SAC") consistent with this opinion no later than April 6, 2015. If Plaintiff fails to file a SAC by that date, the claims that have been dismissed with leave to amend will be dismissed with prejudice.

**IT IS SO ORDERED.**