Shaun Setareh (SBN 204514)
shaun@setarehlaw.com
Tuvia Korobkin (SBN 268066)
tuvia@setarehlaw.com
Farrah Siegel (SBN 293898)
farrah@setarehlaw.com
**SETAREH LAW GROUP**
9454 Wilshire Blvd., Suite 907
Beverly Hills, California 90212
Telephone: (310) 888-7771
Facsimile: (310) 888-0109

Attorneys for Plaintiff,
BRIANA CHRISTIE

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRIANA CHRISTIE, on behalf of herself, all others similarly situated and the general public<br><br>*Plaintiff*,<br><br>v.<br><br>TUESDAY MORNING, INC., a Texas corporation; and DOES 1-50, inclusive,<br><br>*Defendants*. | Case No. 14-cv-06505-PSG (AGRx)<br><br>Hon. Philip S. Gutierrez<br><br>**OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Hearing Date: June 8, 2015<br>Hearing Time: 1:30 p.m.<br>Location: 880 - Roybal |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Briana Christie ("Plaintiff") brings this class and representative action against defendant TUESDAY MORNING, INC., a Texas corporation, for violations of the Labor Code as well as the Business & Professions Code. Based on the Labor Code violations, Plaintiff brings this class and representative action to recover unpaid wages, restitution, and related relief on behalf of herself, all others similarly situated, and the general public.

On December 22, 2014, Defendant Tuesday Morning, Inc. ("Defendant") moved, pursuant to Rules 8(a)(2) and 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss with prejudice and without leave to amend, all causes of action in the First Amended Complaint ("FAC").

On March 2, 2015, the Court granted the Motion to Dismiss ("Order") with leave to amend, and informed Plaintiff of the factual deficiencies in the FAC that required amendment. (ECF No. 39.)

On April 6, 2015, Plaintiff filed her Second Amended Complaint ("SAC"), which addresses all of the concerns raised in the Courts' Order, as described in detail below.

On May 8, 2015, Defendant moved again, pursuant to Rules 8(a)(2) and 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss with prejudice and without leave to amend, all causes of action in the SAC.

As explained below, Plaintiff's SAC pleads sufficient facts and fully addresses all of the deficiencies raised in the Courts' Order, and Defendant's motion should be denied.

///

///

///

## II. LEGAL STANDARD

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that each claim in a pleading be supported by "a short and plain statement of the claim showing that the pleader is entitled to relief ..." *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 640-41 (9th Cir. 2014), (as amended Jan. 26, 2015) (quoting Fed.R.Civ.P. 8(a)(2)). The Supreme Court clarified in *Twombly* that to satisfy Rule 8(a)(2), a complaint must contain sufficient factual content "to state a claim to relief that is plausible on its face...." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This requirement of plausibility was reinforced in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that to satisfy Rule 8(a)(2), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face") (citation and quotation marks omitted).

A claim for relief is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged...." *Id.* (citation omitted).

This standard does not rise to the level of a probability requirement, but it demands "more than a sheer possibility that a defendant has acted unlawfully...." *Id.* (citation omitted).

In evaluating whether a complaint states a plausible claim for relief, courts rely on "judicial experience and common sense" to determine whether the factual allegations, which are assumed to be true, "plausibly give rise to an entitlement to relief." *Id.* at 679.

Rule 15 provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); *see also Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir.2003) ("This policy is to be applied with extreme liberality.") (citation omitted).

///

## III. ARGUMENT

### A. The SAC Alleges Sufficient Facts to Support Plaintiff's Pay Card-Based Putative Class Claims

First, this Court expressly stated that it is possible for Plaintiff to privately enforce her Labor Code § 212 pay card cause of action under California's Private Attorneys General Act ("PAGA").[1] (Order p. 4.)

On April 6, 2015, Plaintiff filed the SAC with additional facts in compliance with the Court's Order. The Order stated that Plaintiff's allegations fail to state a claim for violation of Lab. Code § 212 because "Plaintiff has not alleged that she was denied any opportunity to access her wages without discount." In the SAC, Plaintiff pled the following relevant additional allegations to elaborate on her claims:

> Upon her separation of employment, Defendants paid Plaintiff her wages on a "pay card," or pre-loaded debit card, which also contained Plaintiff's vacation pay. Upon information and belief, Plaintiff was denied all opportunities to access her wages without discount because Plaintiff incurred fees when attempting to use the pay card at businesses in California, including at banks. (SAC at ¶ 12.)

Plaintiff has appropriately amended the complaint to address this Court's Order regarding the pay card facts. The addition described above clarifies that Plaintiff was paid wages for vacation and her final pay in the form of a pay card, and that Plaintiff suffered injury because she "incurred fees when attempting to use the pay card at businesses in California, including at banks." SAC ¶ 12. As Plaintiff has clearly alleged the facts that support her pay card-based putative class claims, Defendant's motion to dismiss should be denied as to these claims.

Defendant tries to attack Plaintiff's complaint on the basis that she included the phrase "on information and belief" in paragraph 12 of the SAC. Plaintiff's

[1] Plaintiff additionally contends that she can privately enforce her Cal. Lab. Code § 212 pay card cause of action under the UCL. See below, section C.

SAC is not inadequate for using this phrase, as Plaintiff clearly states the factual basis for her belief that there are pay card violations, namely that she "incurred fees when attempting to use the pay card at businesses in California, including at banks." Furthermore, the phrase "information and belief" is not improper because "most (if not all) of the detailed information concerning a plaintiff-employee's compensation and schedule is in the control of the defendants." *See Landers*, 771 F.3d at 645. It is certainly the case here that Defendant is in possession of the relevant documents that would show whether class members were denied the opportunity to use their pay card without discount. Thus, without all of the relevant documents and information, it is sufficient for Plaintiff to include the phrase "on information and belief."

**B. The SAC Alleges Sufficient Facts to Support Plaintiff's Meal Break, Rest Break, and Failure to Pay Hourly Wages Claims**

This Court previously stated (with regard to the FAC) that "Plaintiff has provided no facts demonstrating that she was actually denied meal and rest periods or overtime wages as a result of the misclassification." This Court further stated that "The FAC contains no specific facts that Plaintiff missed any meal periods or rest periods, or that Plaintiff was not paid for these periods." (Order, p. 8.) In response to this Court's Order, Plaintiff included the following additional facts in the SAC:

7. Defendants misclassified Plaintiff as an exempt employee. Plaintiff was primarily engaged in and spent more than one-half of her work time performing non-exempt and non-managerial work, including, but not limited to, cleaning the store, stocking shelves, pricing products, covering the register, and customer service tasks.

8. As a result of being improperly misclassified as an exempt employee, Plaintiff was not provided all of her rest breaks and meal periods to which she was entitled and was not paid overtime compensation for the overtime hours she worked.

9. Because Plaintiff was at all relevant times a non-exempt employee of Defendants, Plaintiff was entitled to timely, off-duty meal periods, but due to Defendant's understaffing Plaintiff's store, Plaintiff either had to wait until another employee returned from his or her meal period or Plaintiff was required to remain on the premises for her own meal period.

10. As a non-exempt employee, Plaintiff was entitled to off-duty meal periods, but Defendants required Plaintiff to execute an Agreement for On-Duty Meal Periods even though the nature of Plaintiff's work for Defendants as a Store Manager did not prevent her from being relieved of all duties.

11. As a non-exempt employee, Plaintiff was entitled to overtime compensation, but was not paid overtime compensation for the overtime hours she regularly worked, particularly, for example, during the holiday season. (SAC, ¶¶ 7-11.)

These additional facts in the SAC clearly demonstrate that Plaintiff was actually denied and missed meal periods, rest periods, and overtimes wages as a result of the misclassification of being an exempt employee.

Plaintiff clarified why she was a non-exempt employee by providing five specific activities that Plaintiff performed for more than half of her work time: "cleaning the store, stocking shelves, pricing products, covering the register, and customer service tasks." These additional facts, when read with the other facts in the SAC, are sufficient to allege at the pleading stage that Plaintiff was a non-exempt employee to support Plaintiff's meal break, rest break and hourly wage claims, as well as Plaintiff's derivative California Unfair Competition Law ("UCL") and PAGA claims.

Defendant is blatantly incorrect when it claims that "Plaintiff's allegation indicates that if she stayed on the store premises for her meal period, she was doing so of her own volition." Motion to Dismiss, p.20. The SAC states that Plaintiff was required to remain on the premises for her own meal period because no staff members were available to take her place if she left the store "due to

Defendant's understaffing Plaintiff's store…" (SAC ¶ 9).

Defendant's requiring Plaintiff to execute an Agreement for On-Duty Meal Periods is significant, as it demonstrates that Plaintiff was on duty during her meal periods, and that Defendant was aware of this fact. Wage Order 4-2001 § 11(A) states that employees can only sign such agreements when the nature of the work prevents an employee from being relieved of all duty . Plaintiff' statement that she was a non-exempt employee who was required to execute an Agreement for On-Duty Meal Periods, even though the nature of Plaintiff's work for Defendants as a Store Manager did not prevent her from being relieved of all duties, is significant to show a violation of Wage Order No. 4, Cal. Lab. Code 512, and California Labor Law. Wage Order 4-2001 § 11(A); *Brinker Rest. Corp. v. Superior Court*, 53 Cal. 4th 1004, 1034 (2012) (an employer must relieve the employee of all duty for the designated period).

Defendant argues that Plaintiff has not sufficiently plead her overtime claim, as she does not use the formulaic language in *Landers* that she worked more than 40 hours in a given workweek without being compensated for the overtime hours worked during that workweek. *Landers v. Quality Commc'ns, Inc.* at 645. Defendant overlooks that *Landers* clearly states that "Detailed factual allegations regarding the number of overtime hours worked are not required to state a plausible claim." *Id.* at 644. In fact, the *Landers* court stated that they "decline to make the approximation of overtime hours the *sine qua non* of plausibility for claims brought under the FLSA." *Id.* at 645.

There are factual distinctions between the facts in *Landers* and here. The *Landers* plaintiff failed to state that "there was a given week in which he was entitled to but denied minimum wages or overtime wages." Plaintiff here has satisfied the requirements of *Landers*, as Plaintiff has pled facts showing that she was entitled to but denied minimum wages or overtime wages. The SAC states

that Plaintiff was not paid overtime compensation for the overtime hours she regularly worked, particularly during the holiday season. (SAC ¶ 12.) The holiday season lasts a few weeks each year. Because Plaintiff worked for Defendant for approximately five years, Plaintiff did not receive overtime pay during the holiday season for multiple weeks each year, for at least four to five years. Considering that (i) detailed factual allegations are not required, (ii) approximation of hours is not the *sine qua non* of FLSA claims, and (iii) Defendant is in control of the relevant documents, Plaintiff has met her pleading requirements regarding her overtime claim as set forth in *Landers*.

If the court finds that Plaintiff has not met the pleading requirements recently set by *Landers*, Plaintiff requests leave to amend her complaint to state that Plaintiff worked over 40 hours a week and was not paid for the excess hours in that workweek.

**C. Plaintiff's Pay Card UCL Claim Should Not Be Dismissed Because the Gravamen of a Labor Code § 212 Violation is Restitution For Withholding of Wages and Because Defendant Benefited From Withholding of Wages**

Defendant incorrectly argues that Plaintiff's pay card related UCL claims should be dismissed because penalties are not a form of restitution. Motion to Dismiss, p. 14. This is incorrect, because Labor Code § 225.5 provides a penalty for violating Labor Code § 212 by "unlawfully withholding wages due." Courts have concluded that in association with Labor Code § 212, "'unlawfully withholding wages due' includes fees being paid or a hold being placed on a check." *Solis v. Regis Corp.*, 612 F. Supp. 2d 1085, 1087 (N.D. Cal. 2007). Thus, the gravamen of a violation of Labor Code § 212 is a restitution recovery for unlawfully withheld wages. Defendant and its agents violated UCL by unlawfully withholding all wages due, which allowed Defendant and its agents to benefit at

the expense of Plaintiff and class members. Therefore, Plaintiff's pay card related UCL claim should not be dismissed.

**D. Plaintiff's PAGA and UCL Claim Should Not Be Dismissed Because Plaintiff Has Alleged Sufficient Facts For The First Three Causes of Action And Because Plaintiff Informed the LWDA and Defendant of Her Claims**

Plaintiff timely sent a letter to the Labor and Workforce Development Agency ("LWDA") and Defendant on July 11, 2014. ("PAGA Letter"). (Exhibit B to the Declaration of Gary Friedman, Defendant's Motion to Dismiss.) This letter is timely, as it was sent within a year of her last day worked for Defendant. Cal. Code Civ. Proc. 340(a); Lab. Code §§ 2698, *et seq*.

The PAGA letter informs the LWDA and Defendant of all of Plaintiff's claims, including her pay-card based claims. The letter clearly states that "Ms. Christie and aggrieved employees were charged fees in order to access the wages that were paid to them via pay card." (PAGA Letter, p. 2.)

Furthermore, the PAGA letter describes Plaintiff's meal break claim. The letter correctly states that Ms. Christie is an individual who was employed by Tuesday Morning as a non-exempt employee.[2] (PAGA Letter, p. 1.) The PAGA Letter quotes Tuesday Morning's meal break policy, and fully describes that this policy is flawed because it fails to advise Plaintiff of her rights (i.e. meal periods before the end of the 5th hour of work; second meal break before the 10th hour of work; and that the meal period should be an uninterrupted, duty-free period.) In addition, the letter states that:

> "at times when Ms. Christie and the aggrieved employees were not timely provided with a meal period, Tuesday Morning failed to pay

---

[2] Plaintiff's counsel did not represent to Defense Counsel during a meet and confer conference that Plaintiff was an exempt employee of Defendant. At best, Plaintiff's counsel represented that Plaintiff was *treated* like an exempt employee, in that she was not paid overtime or provided rest breaks or meal breaks, which is the crux of Plaintiff's misclassification claim.

> them legally required premium wages. These failures result, in part, from policies and practices that lack adequate safeguards to ensure that employees are relieved of all duty for meal periods and are paid additional wages when meal periods are not provided."

(PAGA Letter, p. 4.) Plaintiff goes on to state that no valid on-duty meal period agreements were executed.

Plaintiff also informed LWDA of her rest break claim, stating that she was not given rest periods of at least ten minutes for each four hour work period, or major portion thereof, and that she was not paid premium wages when Defendant failed to provide her with proper rest breaks. (PAGA Letter, p. 7.) The PAGA Letter further states that:

> Tuesday Morning's policies and practices lack adequate safeguards to ensure that employees are relieved of their duties for all required rest periods and are paid additional wages when rest periods are not provided.

The letter further states that "Tuesday Morning's written policies failed to advise Ms. Christie of [her] legal rights to take rest periods in accordance with California law." *Id*.

Plaintiff also included her overtime claim in her PAGA Letter. Plaintiff stated in the Letter that she was not paid for "all hours worked, including, but not limited to, overtime hours." (PAGA Letter, p. 10.) The Letter further states that Plaintiff was not paid for all overtime wages for time spent working during unpaid meal periods. *Id*.

As described above, Plaintiff alleges sufficient facts in the SAC to establish a violation of pay-card laws, meal and rest break laws, and hourly wage laws. Because Plaintiff timely informed the LWDA of her claims and because Plaintiff has pled sufficient facts in her complaint, Plaintiff can bring her claims under PAGA and UCL.

///

## IV. CONCLUSION

For the reasons discussed above, the Court should deny Defendant's Motion to Dismiss in its entirety. Plaintiff acted in good faith by filing the SAC to address the concerns stated in this Court's prior Order. Should the Court find the SAC wanting in some respects, Plaintiff respectfully requests leave to amend her complaint with more specific factual allegations to make any necessary adjustments.

Respectfully Submitted,

SETAREH LAW GROUP

Dated: May 15, 2015

BY: *[/s/ Shaun Setareh]*
SHAUN SETAREH
Attorney for Plaintiff,
BRIANA CHRISTIE