E-FILED 6/10/15
CASE CLOSED

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| BRIANA CHRISTIE, on behalf of herself, all others similarly situated, and the general public,<br><br>  Plaintiff,<br><br>  v.<br><br>TUESDAY MORNING, INC., a Texas corporation; and DOES 1-50, inclusive,<br><br>  Defendants. | CASE NO. 2:14-cv-06505 PSG (AGRx)<br><br>Honorable Philip S. Gutierrez<br><br>[~~PROPOSED~~] **JUDGMENT FOR DEFENDANT TUESDAY MORNING, INC.** |

# JUDGMENT

On May 27, 2015, the Court GRANTED the motion of Defendant Tuesday Morning, Inc. ("Tuesday Morning") to dismiss Plaintiff Briana Christie's ("Plaintiff") operative Second Amended Complaint in the above-entitled action without leave to amend. The May 27, 2015 Order (Dkt. No. 48) is attached hereto as Exhibit 1 and incorporated herein by this reference.

Accordingly, IT IS ORDERED, ADJUDGED, AND DECREED that:

1. Plaintiff recovers nothing on her Second Amended Complaint;
2. The action be, and hereby is, dismissed on the merits in its entirety with prejudice; and
3. Tuesday Morning shall recover its costs of suit herein.

DATED: 6/9/15

PHILIP S. GUTIERREZ
_____
The Honorable Philip S. Gutierrez
United States District Judge

---

1
JUDGMENT FOR DEFENDANT TUESDAY MORNING, INC.

6901902.1/45417-00002

# EXHIBIT 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#43 (06/08 HRG OFF)

JS-6

CIVIL MINUTES - GENERAL

| Case No. | 2:14-cv-06505-PSG-AGR | Date | May 27, 2015 |
|---|---|---|---|
| Title | *Briana Christie v. Tuesday Morning, Inc., et al.* | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):**     **(In Chambers) Order GRANTING Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)**

     Before the Court is Defendant Tuesday Morning, Inc.'s ("Defendant") motion to dismiss Plaintiff Briana Christie's ("Plaintiff") Second Amended Complaint. Dkt. # 43. The Court finds this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. After considering the arguments in the moving, opposing, and reply papers, the Court GRANTS the motion to dismiss without leave to amend.

**I.    Background**

     Defendant employed Plaintiff as a store manager for four years. Dkt. # 40, SAC ¶ 5. On July 14, 2014, Plaintiff sued her former employer in Los Angeles County Superior Court. Dkt. # 1-2 ("Compl."). She brought class claims for failure to pay wages without discount, failure to provide meal periods, failure to provide rest periods, failure to pay hourly wages, failure to provide accurate written wage statements, failure to timely pay all final wages, and unfair competition on the theory that she was an hourly, non-exempt employee who received wages on a pay card that charged fees. *Id.*

     On August 19, 2014, Defendant removed the action to this Court under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). Dkt. # 1 ¶ 8. The next day, Plaintiff filed an amended complaint in Los Angeles County Superior Court. The amended complaint omitted the claims for failure to pay overtime, failure to provide meal breaks, and failure to provide rest

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-06505-PSG-AGR | Date | May 27, 2015 |
|---|---|---|---|
| Title | *Briana Christie v. Tuesday Morning, Inc., et al.* | | |

breaks. Dkt. # 33, Defendant's Request for Judicial Notice ("RJN"), Ex. 1.[1] The amended complaint therefore did not depend on allegations that Plaintiff was a non-exempt employee.

On November 21, 2014, Plaintiff filed a First Amended Complaint ("FAC") in this Court. Dkt. # 31. The FAC raised the same seven claims as her complaint in state court and added an eighth claim for civil penalties under the Private Attorneys General Act ("PAGA"), Cal. Lab. Code §§ 2698, *et seq.* However, it replaced the argument that Plaintiff held a non-exempt position with the assertion that she was misclassified as an exempt employee. FAC ¶ 9. Further, it removed the class allegations from the claims for meal periods, rest periods, and hourly wages. *Id.* ¶¶ 23-63.

On March 2, 2015, the Court granted the motion to dismiss the FAC with leave to amend. Dkt. #39, Order of Dismissal, at 11. On April 6, 2015, Plaintiff filed a Second Amended Complaint ("SAC"), omitting the stand-alone claim for failure to pay wages without discount, but continuing to allege that Defendant had broken the law by paying wages on a pay card that charged fees. Dkt. # 40. On May 5, 2015, Defendant brought the present motion to dismiss. Dkt. # 32 ("Mot."). For the reasons below, the Court grants the Motion.

II.     **Legal Standard**

A motion to dismiss under Rule 12(b)(6) tests whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. *Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1019 (9th Cir. 2013); *Cousins v. Lockyer*, 568 F.3d 1063, 1067-68 (9th Cir. 2009). The court, however, is not required to accept "legal conclusions . . . cast in the form of factual allegations." *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981); *see Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.

---

[1] The Court previously granted Defendant's request for judicial notice of the amended complaint and two California Department of Industrial Relations, Division of Labor Standards Enforcement ("DLSE") opinion letters. Dkt. # 39, Order of Dismissal, at 1-2 n.1. On a motion to dismiss, the Court may consider documents that have been judicially noticed. *Lee v. City of L.A.*, 250 F.3d 668, 688-89 (9th Cir. 2001), *overruled on other grounds, Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119, 1125-26 (9th Cir. 2002).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-06505-PSG-AGR | Date | May 27, 2015 |
|---|---|---|---|
| Title | *Briana Christie v. Tuesday Morning, Inc., et al.* | | |

After accepting all non-conclusory allegations as true and drawing all reasonable inferences in favor of the plaintiff, the court must decide whether the complaint states a plausible claim to relief. *See Iqbal*, 556 U.S. at 679-80. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556); *see Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

### III. Discussion

#### A. Pay Card Claims (Counts Four, Five, Six, and Seven)

In response to the motion to dismiss the FAC, Plaintiff conceded that Labor Code § 212 does not create a private right of action. Dkt. # 36 at 2. Thus, she no longer brings a stand-alone claim for violation of § 212 for failure to pay wages without discount. However, she continues to allege that Defendant violated the law by paying wages on a pay card that charged fees and to plead pay-card-based class claims for failure to provide accurate written wage statements (Cal. Lab. Code § 226) (Count Four) and failure to timely pay all final wages (Cal. Lab. Code §§ 201-03) (Count Five). She also uses the pay card as a partial basis for her claims under the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.* (Count Six) and PAGA (Count Seven).

The FAC and SAC both state that Plaintiff received her wages and vacation pay "on a 'pay card,' or pre-loaded debit card," and that she "incurred fees when attempting to use the pay card at various businesses in California." SAC ¶ 12; FAC ¶ 7. The SAC adds that Plaintiff was paid wages on a pay card "[u]pon her separation of employment," that "[u]pon information and belief" she "was denied all opportunities to access her wages without discount," and that the businesses at which she incurred fees included "banks." SAC ¶ 12.

Plaintiff has failed to plead a violation of law based on the pay card. She simply repeats the Order of Dismissal by making the conclusory allegation that she "was denied all opportunities to access her wages without discount[.]" Compare SAC ¶ 12 with Order of Dismissal at 6. However, she does not specify any incidents when she tried and failed to access the entire amount of her wages. To satisfy *Twombly/Iqbal*, she must "draw on [her] memory and personal experience to develop factual allegations with sufficient specificity that they plausibly suggest that defendant failed to comply with its statutory obligations[.]" *Landers v. Quality*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-06505-PSG-AGR | Date | May 27, 2015 |
|---|---|---|---|
| Title | *Briana Christie v. Tuesday Morning, Inc., et al.* | | |

*Comm'ns, Inc.*, 771 F.3d 638, 643-45 (9th Cir. 2014), *as amended* (Jan. 26, 2015), *cert. denied*, 135 S. Ct. 1845 (2015).

      Further, Plaintiff pleads "upon information and belief." SAC ¶ 12. Such a pleading suffices only if the circumstances "are peculiarly within the opposing party's knowledge," if the plaintiff "cannot be expected to have personal knowledge of the relevant facts," and if she "state[s] the factual basis for the belief." *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993). Plaintiff, however, offers no reason to suspect that Defendant is aware of incidents when she "was denied all opportunities to access her wages without discount," no explanation for why she cannot be expected to be aware of such incidents, and no indication of the basis for her belief that she was, in fact, denied access to the entire amount of her wages.

      Accordingly, Plaintiff's allegations on information and belief are insufficient to state a claim. *See, e.g., Blantz v. Cal. Dep't of Corr. & Rehab., Div. of Corr. Health Care Servs.*, 727 F.3d 917, 926-27 (9th Cir. 2013) (holding that allegations on information and belief were "conclusory" and "insufficient to state a claim"); *Vivendi SA v. T-Mobile USA Inc.*, 586 F.3d 689, 694 (9th Cir. 2009) (holding that such allegations were not "plausibl[e]"); *U.S. v. Center for Diagnostic Imagining, Inc.*, 787 F. Supp. 2d 1213, 1221 (W.D. Wash. 2011) (dismissing such allegations as "insufficient"). Because Plaintiff has failed to plead a violation of law based on the pay card, she cannot state pay-card-based claims for failure to provide accurate written wage statements, failure to timely pay all final wages, and violations of the UCL and PAGA.[2]

/ / / / / / /
/ / / / / / /

      **B.**     **Misclassification Claims (Counts One, Two, Three, Six, and Seven)**

---

[2]    Given its finding that Plaintiff has failed to plead sufficient facts, the Court does not need to rule on Defendant's claim that its schedule of pay card program fees proves that its employees have "various fee free options for accessing their wages *every* pay period" — an argument perhaps best reserved for summary judgment. *See* Mot. at 11 n.10. Likewise, the Court need not reach Defendant's remaining arguments that: Plaintiff did not plead sufficient facts to show that Defendant knowingly, intentionally, and injuriously neglected to provide accurate written wage statements and willfully neglected to timely pay all final wages; Plaintiff cannot rely on the UCL to collect restitution because her claim for the return of fees charged by various businesses is really a claim for statutory and civil penalties not allowed under the statute; and Plaintiff cannot pursue PAGA penalties because her letter to the Labor and Workforce Development Agency does not contain sufficient detail to satisfy the administrative exhaustion requirement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-06505-PSG-AGR | Date | May 27, 2015 |
|---|---|---|---|
| Title | *Briana Christie v. Tuesday Morning, Inc., et al.* | | |

Apparently abandoning the theory the she held a non-exempt position, Plaintiff claims that she was misclassified as an exempt employee not subject to the protections of the Labor Code and the Wage Orders. As a result, she pleads misclassification-based claims for failure to provide meal periods (Cal. Lab. Code §§ 204, 223, 226.7, 512, 1198) (Count One), failure to provide rest periods (Cal. Lab. Code §§ 204, 223, 226.7, 1198) (Count Two), and failure to pay hourly and overtime wages (Cal. Lab. Code §§ 223, 510, 1194, 1197, 1198) (Count Three). She also uses the misclassification as a partial basis for her claims under the UCL (Count Six) and PAGA (Count Seven).

### 1. Misclassification

To support the argument that Plaintiff was misclassified as exempt, the SAC alleges that she was "primarily engaged in and spent more than one-half of her work time performing non-exempt and non-managerial work, including, but not limited to, cleaning the store, stocking shelves, pricing products, covering the register, and customer service tasks." SAC ¶ 7. Defendant denigrates these allegations as "sparse" and lacking in "*facts* to support her conclusions regarding her belief that she was misclassified as exempt." Mot at 18. By pleading that she spent more than half her time on specific non-exempt assignments, Plaintiff provides sufficient factual detail to survive a motion to dismiss.

Defendant's citation to *Schneider v. Space Sys./Loral, Inc.*, No. 5:11-cv-02489-JF, 2011 WL 4344232, at *3 n.5 (N.D. Cal. 2011) misses the mark. In *Schneider*, the court granted a motion to dismiss where the plaintiff pled the legal conclusion that he "primarily performed non-exempt work." In contrast, in *Khan v. K2 Pure Solutions, L.P.*, No. 12-CV-05526-WHO, 2013 WL 6503345, at *5 (N.D. Cal. Dec. 4, 2013), the court declined to dismiss because the plaintiff alleged that his duties included a list of specific manual and menial tasks. As in *Khan*, Plaintiff's list of non-exempt tasks adequately supports an allegation of misclassification. The Court now turns to her individual claims.

### 2. Failure to Provide Meal Periods (Count One)

With regard to missed meal breaks, Plaintiff claims that Defendant: "maintained a policy or practice of not providing Plaintiff with uninterrupted meal periods of at least thirty (30) minutes for each five (5) hour work period"; "failed to pay premium wages to Plaintiff when she worked five (5) hours without clocking out for any meal period"; and "employed Plaintiff for shifts of ten (10) or more hours without providing her with second meal periods and without paying her premium wages." SAC ¶¶ 31-33; FAC ¶¶ 30-32.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-06505-PSG-AGR | Date | May 27, 2015 |
|---|---|---|---|
| Title | *Briana Christie v. Tuesday Morning, Inc., et al.* | | |

The SAC also includes two new facts. First, Plaintiff contends that, "due to Defendant[] understaffing [her] store, [she] either had to wait until another employee returned from his or her meal period or . . . was required to remain on the premises for her own meal period." SAC ¶ 9. Second, plaintiff claims that "Defendant[] required [her] to execute an Agreement for On-Duty Meal Periods even though the nature of [her] work for Defendants as a Store Manager did not prevent her from being relieved of all duties." *Id.* ¶ 10.

Plaintiff's re-pled meal break claim remains lacking in factual detail. The claim fails to "distinguish between actively discouraging employees from taking breaks [which constitutes a violation of law] and failing to ensure that they took breaks [which does not necessarily establish illegality]." *See Lopez v. Wendy's Int'l, Inc.*, No. CV 11-00275 MMM JCX, 2011 WL 6967932, at *3 (C.D. Cal. Sept. 19, 2011). The assertions that Plaintiff's store suffered from understaffing, that she had to coordinate her meal breaks with a coworker, and that she was required to sign an on-duty meal break waiver do not *per se* show that Defendant knowingly prevented her from taking meal periods. *See id.*

### 3.    Failure to Provide Rest Periods (Count Two)

With respect to missed rest breaks, Plaintiff states that Defendant: "maintained a policy or practice of not providing Plaintiff with net rest periods of a least ten (10) minutes for each four (4) hour work period"; "failed to pay Plaintiff additional premium wages when required rest periods were not provided"; and promulgates written policies that "do not provide Plaintiff a paid rest break for each four hours worked." SAC ¶¶ 43-45; FAC ¶¶ 42-44. She has added the contention that she "was not provided all of her rest breaks . . . to which she was entitled[.]" SAC ¶ 8.

This unadorned legal conclusion does not cure the absence of facts to support the claim. Plaintiff "does not directly allege that [Defendant] did anything to impede, discourage or dissuade employees from taking rest periods" — which is the standard for liability. *See Lopez*, 2011 WL 6967932, at *5. Without more, the allegations that Plaintiff was misclassified as exempt and did not receive paid 10-minute rest breaks "lack[] factual support" and "fail[] to state a claim." *See Schneider*, 2012 WL 476495, at *2-3.

/ / / / / / /

### 4.    Failure to Pay Hourly and Overtime Wages (Count Four)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-06505-PSG-AGR | Date | May 27, 2015 |
|---|---|---|---|
| Title | *Briana Christie v. Tuesday Morning, Inc., et al.* | | |

As for unpaid hourly and overtime wages, Plaintiff asserts that "during the relevant time period, Defendant failed to pay Plaintiff all earned wages every pay period at the correct rates, including overtime rates, because Defendant[] misclassified Plaintiff as a non-exempt employee and did not pay Plaintiff irrespective of the hours worked." SAC ¶ 62; FAC ¶ 61. Further, she argues that Defendant "applied centrally devised policies and practices to her with respect to working conditions and compensation arrangements." SAC ¶ 61; FAC ¶ 60. The SAC also states that Plaintiff "was not paid overtime compensation for the overtime hours she regularly [sic] worked, particularly, for example, during the holiday season." SAC ¶ 11.

In the context of affirming the dismissal of an overtime claim pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, the Ninth Circuit explained that "a plaintiff asserting a claim to overtime payments must allege that she worked more than forty hours in a given workweek without being compensated for the overtime hours worked during that workweek." *Landers*, 771 F.3d at 644-45. This requires "detail regarding a given workweek when [a plaintiff] worked in excess of forty hours and was not paid overtime for that given workweek and/or was not paid minimum wages." *Id.* at 646. While Plaintiff's claim that she was "not paid for overtime hours worked" raises the "possibility" of undercompensation, "a possibility is not the same as plausibility." *See id.*

       **5.**    **UCL and PAGA Claims (Counts Six and Seven)**

Plaintiff has failed to plead a violation of the meal break, rest break, or overtime provisions. Thus, Plaintiff cannot rely on such a violation to support a derivative claim pursuant to the UCL or PAGA.

**IV.**    **Leave to Amend**

In deciding whether to grant leave to amend, a court weighs the evidence of: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether plaintiff has previously amended h[er] complaint." *Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996). The fourth and fifth factors, futility and prior amendment, can be "dispositive." *Id.* at 356. "[W]here the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to [her] claims, [t]he district court's discretion to deny leave to amend is particularly broad." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (internal quotations and citations omitted).

Plaintiff has filed a total of four versions of her complaint in state and federal court. Although the Court provided thorough guidance on the standards for pleading each claim, *see*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:14-cv-06505-PSG-AGR | Date | May 27, 2015 |
|---|---|---|---|
| Title | *Briana Christie v. Tuesday Morning, Inc., et al.* | | |

Order of Dismissal, the SAC fails to cure the deficiencies identified in the opinion. Further, while Plaintiff "requests leave to amend her complaint with more specific factual allegations," Dkt. # 46 ("Opp.") at 10, the sole specific change she proposes is the addition of the statement that she "worked over 40 hours a week and was not paid for the excess hours in that workweek," *id.* at 7 — a change that would still not meet the need for "*detail* regarding a given workweek when [a plaintiff] worked in excess of forty hours and was not paid overtime" *Landers*, 771 F.3d a 646 (emphasis added).

This strongly suggests that granting leave to amend would be futile. Under the circumstances, the Court finds that denial of leave to amend is appropriate.

**V.    Conclusion**

For the reasons explained above, the Court GRANTS Defendant's motion to dismiss (Dkt. # 43) without leave to amend.

**IT IS SO ORDERED.**

| | Initials of Preparer | XT |
|---|---|---|